HENRICKS, TRUSTEE, *v.* THE STATE, EX REL. ROBISON.

[No. 18,257.    Filed May 24, 1898.    Rehearing denied Nov. 17, 1898.]

SCHOOLS AND SCHOOL DISTRICTS.—*Construction of Joint Schoolhouse.* —Where upon petition for the construction of a schoolhouse at the joint expense of two townships the trustees thereof disagreed, and an appeal was taken to the county superintendent, as provided by law, who decided in favor of the petitioners, and the trustee who favored the construction thereof purchased a lot upon which to erect such school building without the knowledge or consent of the other trustee, an order issued by the county superintendent directing the trustees of both townships to erect the schoolhouse upon the land so purchased was unauthorized.

From the Clinton Circuit Court.    *Reversed.*

*Guenther & Clark* and *Martin A. Morrison,* for appellant.

*Brumbaugh & Combs,* for appellee.

HOWARD, J.—Section 6001, Burns' R. S. 1894 (4512, R. S. 1881, Acts 1877, p. 125), provides that: "The trustees of two or more adjacent counties and townships may establish a new school district, and build a schoolhouse therein at the joint expense of their several townships, whenever, in their judgment, it shall appear necessary for the better accommodation of the people of their respective townships: *Provided,* That such necessity must be set forth in a petition of the persons making the request, such petition to be presented to each of said trustees. And said trustees shall, at the time agreed upon by them, not less than ten days nor more than thirty days from

the time of receiving such petition, hold a joint meeting, for the purpose of declaring whether such petition shall be granted, and take such further action as the case may. require." The succeeding section of the act provides what part of the expense of establishing such joint district school shall be borne by each township; and also that after the establishment of the school it shall be supported by the township in which it is established, in the manner already prescribed by law in the case of other schools in such township.

On the 17th day of April, 1896, in pursuance of the provisions of these sections of the statute, a petition by the relator and fifty-six other patrons of school district No. 3, of Warren township, and school district No. 1, of Owen township, both in Clinton county, was filed with the appellant, trustee of Warren school township, and one Oscar S. Miller, trustee of Owen school township, for the erection of a joint schoolhouse at the town of Geetingsville, in Owen township, for the accommodation of the school children of both of said school districts. On the 27th day of April, 1896, the said trustees met, as required by the statute, to determine whether the prayer of such petition should be granted. After due deliberation, the trustees disagreed, Miller favoring, and Henricks opposing, the project.

On May 23, 1896, the relator and the other petitioners appealed from the trustees to the county superintendent. This appeal was taken under the provisions of section 6028, Burns' R. S. 1894 (4537, R. S. 1881), which reads as follows: "Appeals shall be allowed from the decisions of the [township] trustees relative to school matters to the county superintendents, who shall receive and promptly determine the same according to the rules which govern appeals from justices of the peace to circuit courts, so far as

such rules are applicable; and their decisions of all local questions relating to the legality of school meetings, establishment of schools, and the location, building, repair or removal of schoolhouses, or transfers of persons for school purposes, and resignation and dismissal of teachers, shall be final."

It is found by the court that on June 13, 1896, the appeal was heard by the superintendent, who took the same under advisement until June 22, 1896, when he decided that the prayer of the petitioners should be granted, and sent written notices of such decision to each of the trustees. The written notice, as set out in the return to the alternative writ of mandate afterwards issued in the case, and to which a demurrer was sustained, was as follows: "In the matter of the appeal of the Geetingsville school case, hearing was had on the 13th day of June, 1896. After carefully examining the evidence in the said hearing of said cause, it is my decision that the prayer of the petition shall be granted. Signed this 22nd day of June, 1896. Jas. H. Grover, Co. Supt. Clinton Co., Ind." The decision so rendered was also attached to the transcript of the appeal made to the superintendent.

Afterwards, on July 9, 1896, Oscar S. Miller, trustee of Owen township, purchased a certain tract of land in Geetingsville, in said township, and caused the same to be conveyed to Owen school township and Warren school township, paying $200 for the same by a township warrant issued by him, for the purpose of erecting a joint schoolhouse thereon, pursuant to the prayer of said petition and the granting of the same on appeal to the county superintendent. The appellant, Henricks, trustee of Warren school township, paid no part of the purchase price, did not authorize anyone to act for him in the matter, and had no knowledge of said purchase or conveyance at

the time it was made. On July 14, 1896, the county superintendent made another order, directing the trustees of both townships to proceed to erect the schoolhouse prayed for upon the land so purchased by trustee Miller. The trustee Henricks, however, declined to join in the building of the schoolhouse. On September 8, 1896, the relator caused a complaint for an alternative writ of mandamus to be filed in the Clinton Circuit Court, setting out the facts substantially as above stated, and asking that the said trustees be required to erect said schoolhouse as prayed for or show cause for their refusal so to do. The writ was issued accordingly, and, at the hearing, trustee Miller answered, admitting all the allegations of the complaint and the writ of mandate, and joining in the prayer of the complaint. The appellant, trustee of Warren township, demurred for the reason that neither the petition for mandate nor the writ itself stated facts sufficient to constitute a cause of action. On the overruling of the demurrer the appellant answered, making his return to the writ, in two paragraphs, the first being a general denial and the second setting out the facts more in detail than the same were stated in the complaint or writ. A demurrer was sustained to this second paragraph of the separate return; and thereupon the cause was submitted to the court for trial. The facts were found by the court substantially as already stated, and conclusions of law were made in favor of appellee, and judgment rendered accordingly.

The able and earnest counsel for appellant argue very elaborately against the regularity of the proceedings before the trustees and superintendent, and against many of the rulings of the court. Without entering into a detailed examination of all the contentions made, we think it evident that the proceedings of

the trustees and of the superintendent upon the petition presented for their consideration were in substantial compliance with the provisions of the statutes above set out. We are, however, of opinion that both the trustee Miller and the county superintendent exceeded their authority in the acts done subsequent to, and independent of the matters submitted to the trustees and superintendent in the petition presented for their consideration. When the superintendent, on the 22nd day of June, 1896, had decided that "The prayer of the petitioners should be granted," his authority in the matter was at an end. The petition embraced everything that could be acted upon. The statute under which the proceedings were instituted did not vest in the trustee Miller the right to say where the schoolhouse should be erected or what should be the dimensions or kind of building. These were matters for the exercise of the judgment of both trustees concerned, subject, as in the first instance, in case of their disagreement, to appeal to the county superintendent. The petition did not state upon what land or where the schoolhouse should be built, or what kind of a structure it should be, except that it should be located in Geetingsville, and should be of brick, contain two rooms and not cost more than $2,000. Because trustee Henricks was of opinion that the petition should not be granted, it does not follow that when his views on the question were overruled by the superintendent, his further participation in the joint project was also forbidden. The action of trustee Miller, therefore, in proceeding to purchase land for a building site in the name of both townships, must be held to be without authority, unless ratified and agreed to by the trustee of the other township, or else until, on their inability to agree, the matter is determined by further appeal to the superintend-

ent. Neither trustee can be denied, in the first instance, the free and equal exercise of his own judgment as to the several steps to be taken in the joint enterprise. The additional order of the county superintendent, therefore, made on July 14, 1896, directing that the building be erected on the land described in that order, being the same purchased by trustee Miller, was unauthorized.

The appellant, at the proper time, moved to have the judgment and mandate of the court modified so that the order first made by the county superintendent should be carried out, namely: That the trustees should be commanded to build said schoolhouse as prayed for in the petition presented to them on April 17, 1896, and as approved, on appeal, by the decision of the county superintendent, June 22, 1896. This motion was overruled, and the ruling so made is assigned as error. It is plain that the error is well assigned. Only the matters set forth in the petition were before the court for decision, as only those matters had been before the trustees and the county superintendent. The judgment is reversed, with instructions to the court to sustain the motion to correct and modify the judgment, and to enter judgment accordingly.

ON PETITION FOR REHEARING.

HOWARD, J.—It was held in the principal opinion that the proceedings before the trustees were taken in compliance with the statutes, but that the action of trustee Miller in purchasing land for the schoolhouse, and of the county superintendent in approving such purchase, were wholly unauthorized. The appellant had moved to modify the judgment so that no writ should issue to order the erection of a schoolhouse on the land so unlawfully purchased, and we held that the judgment should be so modified. We are

unable to understand why appellant himself should now complain of the holding so made. Under the judgment as modified, no further action can be taken for the construction of the building on the land purchased, and that is all appellant asked or could ask. The action, as taken and pursued, has ended in his favor. It is true that new proceedings may be commenced. The trustees may go ahead, and agree upon a site and structure for the proposed school; or the patrons of the school may file a new petition in which these matters shall be provided for. It is not true, therefore, that the statutes, as construed by the court, leave the establishment of such a school to the arbitrary discretion of either trustees or superintendent. The proceedings must, in each instance, be initiated by petition of the school patrons. Whether the trustees agree to the petition or refuse to agree to it, there may be an appeal to the superintendent. If the people of the State desire still further limitation on the powers of school officers in this matter, they may of course secure it by legislative action; but the courts can do no more than interpret the law as it is written. Petition overruled.