## Frost, Trustee, *v.* State of Indiana, ex rel. Reeves.

[No. 22,345.   Filed May 1, 1914.]

1.  Schools and School Districts.—*Abandonment and Discontinuance of Schools.—Reëstablishment.—Statutes.*—The act of 1909 (§6422 Burns 1914, Acts 1909 p. 73) in amendment of the act of 1907 (§6422 Burns 1908, Acts 1907 p. 444), concerning the discontinuance and abandonment of public schools in certain instances, was designed to remedy the defect of the act of 1907 in failing to provide for the reëstablishment of a discontinued or abandoned school, but its provision for the reëstablishment of abandoned schools on petition of the patrons applies only to the reëstablishment of schools abandoned prior to the act of 1909, and schools closed subsequent to that time are to be reëstablished in the discretion of the township trustee.   p. 583.

2.  Schools and School Districts.—*Reëstablishment of Abandoned Schools.—Discretion of Trustee.—Abuse of Discretion.—Remedy.*—Where a township trustee abuses the discretion vested in him under §6422 Burns 1914, Acts 1909 p. 73, with reference to the reëstablishment of abandoned schools, or improperly refuses to perform the duties required of him, the remedy is by appeal to the higher school authorities, under §§6667, 6668 Burns 1914, §§4537, 4538 R. S. 1881, and mandate will not lie.   p. 583.

From Hancock Circuit Court; *William A. Hough,* Judge.

Action for mandate by the State of Indiana, on the relation of Frank H. Reeves, against Abram W. Frost, Trustee of Center School Township of Hancock County.   From a judgment for relator, the defendant appeals.   *Reversed.*

*Thomas E. Glascock* and *Omer S. Jackson,* for appellant. *Arthur C. Van Duyn,* for appellee.

Spencer, J.—On March 11, 1907, the legislature passed an act concerning the discontinuance of public schools in which it was provided that "the township trustees shall discontinue and abandon all schools under their charge at which the average daily attendance during the last preceding school year has been twelve (12) pupils or fewer; and said trustees may discontinue and abandon all schools at which the average daily attendance during the last preced-

ing school year has been fifteen (15) pupils or fewer: *Provided,* The conditions as to roads, streams and bridges permit of such discontinuance.'' Acts 1907 p. 444, §6422 Burns 1908. No provision was made for the subsequent reopening of such schools as should be abandoned and to supply this omission the legislature, in 1909, amended the original act by authorizing township trustees to ''discontinue and temporarily abandon'' public schools under the conditions enumerated and by adding to the act certain provisos, of which the first and third are as follows: ''That any school so discontinued and temporarily abandoned may be re-established by the township trustee in his discretion whenever he shall feel assured of an average daily attendance of more than twelve (12) pupils during the school year: * * * *And provided,* That in case a majority of the patrons of any school district petition that any school heretofore abandoned be reopened, then the township trustee shall open such abandoned school and re-establish the same.'' Acts 1909 p. 73, §6422 Burns 1914.

During the year 1911 appellant, as trustee of Center School Township in Hancock County, caused the school which had been held in one of the school districts in said township to be abandoned. On April 18, 1912, a majority of the patrons who then resided in said school district filed a petition with appellant, as trustee, to have said school reëstablished. Said petition was denied by appellant, whereupon this action in mandamus was instituted in the Hancock Circuit Court, asking that appellant be ordered to reopen said school. Appellant's demurrer to the complaint was overruled and, on his refusal to plead further, judgment was entered directing and commanding him to reëstablish the school in question. He appeals.

Appellee takes the position that under the last proviso of the act of 1909, as above quoted, it is the duty of a township trustee to reopen a school which has been closed for lack of attendance, whenever a majority of the patrons of

the school district in which such school was situated shall petition him to do so. Appellant, on the other hand, contends that this proviso refers only to such schools as were closed prior to the passage of the act of 1909, and that the reopening of schools closed subsequent to that time is made a matter of discretion with the trustee.

The history of legislation in reference to the discontinuance of public schools and the language used in the act of 1909 tends to support appellant's contention. It

1. will be observed that under the act of 1907, *supra*, the abandonment of a school was unqualified and no provision was made for its reëstablishment. In order to remedy this defect, the act was so amended in 1909 as to provide for the "temporary abandonment and discontinuance" of a school, said school to be "re-established by the township trustee in his discretion whenever", etc. To permit the reopening of schools which had been *"heretofore* abandoned"*, that is, prior to February 27, 1909, the amended act provided the remedy by petition which is now relied on by appellee. It is clear that this provision has reference only to such schools as were closed prior to the passage of the act of 1909 and that schools closed subsequent to that time are to be reëstablished in the discretion of the

2. township trustee. If the trustee abuses his discretion or improperly refuses to perform the duties required of him, the remedy is by an appeal to the higher school authorities and not by writ of mandate. §§6667, 6668 Burns 1914, §§4537, 4538 R. S. 1881; *Nelson* v. *State, ex rel.* (1907), 168 Ind. 491, 81 N. E. 486; *State, ex rel.* v. *Black* (1906), 166 Ind. 138, 76 N. E. 882.

Judgment reversed, with instructions to sustain appellant's demurrer to the complaint.

NOTE.—Reported in 105 N. E. 51. As to existence of other remedy as bar to mandamus, see 98 Am. St. 866. See, also, under (1) 35 Cyc. 858 New Anno.