WOODWARD v. STATE OF INDIANA, EX REL. ATKINSON.

[No. 23,177. Filed May 16, 1919.]

1. MANDAMUS.—*Consolidation of School Districts.—Power of School Officers.*—In a proceeding for consolidation of school districts under §6421 Burns 1914, Acts 1901 p. 437, in which a petition was denied by the township trustee on the ground that it was not signed by a majority of the legal voters of the district, as required by the statute, and the petitioners appealed to the county superintendent, under §6667 Burns 1914, §4537 R. S. 1881, who held that the petition was signed by a majority of the voters and ordered the trustee to make the consolidation, the decision of the county superintendent was final; and upon refusal of the trustee to comply with the order, a writ of mandamus, in an action by one of the petitioners, was properly issued to compel performance.   pp. 369, 370.

2. SCHOOLS AND SCHOOL DISTRICTS.—*Consolidation of Districts. —Power of School Officers.—Collateral Attack.*—In an appeal to the county superintendent in a proceeding for consolidation of schools under §6421 Burns 1914, Acts 1901 p. 437 and §6667 Burns 1914, §4537 R. S. 1881, the correctness of a decision by the superintendent on a question which he is given power to decide cannot be questioned in a collateral proceeding.   p. 370.

3. SCHOOLS AND SCHOOL DISTRICTS.—*Consolidation of Districts. —Appeal from Trustee.*—In a proceeding under §6421 Burns 1914, Acts 1901 p. 437, for consolidation of school districts, an appeal lies from the decision of a township trustee, under

the authority of §6667 Burns 1914, §4537 R. S. 1881, which provides that appeals shall be allowed from decisions of the trustees "relative to school matters to the county superintendent." p. 371.

From Sullivan Circuit Court; *William H. Bridwell,* Judge.

Action in mandamus by the State of Indiana, on the relation of Charles A. Atkinson, against Tarelton C. Woodward, trustee, to compel consolidation of school districts. From a judgment for relator, the defendant appeals. *Affirmed.*

*Charles D. Hunt* and *Gilbert W. Gambill,* for appellant.

*Arthur D. Cutler,* for appellee.

LAIRY, J.—This action was brought by the state, on the relation of Charles A. Atkinson, to compel appellant as trustee of Haddon school township, in Sullivan county, by mandamus, to abandon school district No. 4 in that township and to consolidate such district with the school corporation of Carlisle. The court found the facts specially and pronounced its conclusions of law thereon in favor of appellee, and judgment was entered accordingly.

The record shows that, prior to the commencement of the mandamus proceeding, relator as a legal voter of said district No. 4 joined in a petition with others constituting a majority of the legal voters of such district No. 4, which was presented to appellant as trustee of the township in which the district was located, and in which it was asked that the school in said district be abandoned and that said schools be consolidated with the schools of the town of Carlisle. Appellant as trustee denied this petition on the ground that it was not signed by a majority of the legal voters of school district No. 4. Thereupon an appeal was taken to the county super-

intendent of schools, who, after a hearing, held that the petition was signed by a majority of the legal voters of said district and an order was entered directing appellant to comply with the request of the petition and to make the consolidation prayed for therein.  After the decision of the county superintendent, an attempt was made to appeal to the state superintendent of public instruction by filing papers in his office, but that official after consideration decided that he had no jurisdiction to determine the question sought to be presented and accordingly dismissed the appeal.  After the proceeding was so finally disposed of, relator requested appellant to comply with the order of the county superintendent of schools directing him to make the order of consolidation prayed for in such petition, but appellant refused to comply, informing relator that he would not do so unless compelled to act.

The proceedings before the school officers are governed by §6421 Burns 1914, Acts 1901 p. 437; §6667 Burns 1914, §4537 R. S. 1881.  The first of these sec-

1.  tions provides:  "That whenever a majority of the legal voters of any school district or corporation shall petition the trustee or trustees of such school district or corporation for the abandonment of their schools and the consolidation of their schools with the schools of some other school district or corporation in the same township, it shall be the duty of the trustee or trustees of such school district or corporation to comply with such petition, and to provide for the education of the children of such abandoned district or corporation in other schools as asked for in such petition."  The second provides that:  "Appeals shall be allowed from decisions of the (township) trustees relative to school matters to the county superintendents, who shall receive and promptly determine the same according to

the rules which govern appeals from justices of the peace to circuit courts, so far as such rules are applicable; and their decisions of all local questions relating to the legality of school meetings, establishment of schools, and the location, building, repair and removal of schoolhouses, or transfers of persons for school purposes, and resignation and dismissal of teachers, shall be final."

A sufficient statement of the facts shown by the record has been made to show the applicability of the statutes cited. The trial court, upon a finding of facts more comprehensive, stated as its conclusions of law that the decision of the county superintendent of schools ordering appellant to comply with the prayer of the petition for the consolidation of district No. 4 with the schools of Carlisle was final, and that the court had no

1.  authority to inquire into or determine whether a majority of the legal voters of said district did in fact sign such petition, and that a mandate should issue commanding appellant to comply with and obey the order made by the decision and judgment of the county superintendent of schools.

The judgment and determination by the county superintendent of schools of a question which he is given power and jurisdiction to decide under the statutes cited cannot be attacked in a collateral proceeding. The power to hear and determine carries with it the power to decide wrong as well as to decide right, and the decision whether right or wrong is binding on the parties until reversed on appeal or set aside in a direct proceeding brought for that purpose. The correctness of such a decision cannot be questioned in a collateral proceeding. *Stone* v. *Fritts* (1907), 169 Ind. 361, 82 N. E. 792, 15 L. R. A. (N. S.) 1147, 14 Ann. Cas. 295; *Carnahan* v. *State, ex rel.* (1900), 155 Ind. 156, 57 N. E. 717; *Henricks* v. *State, ex rel.* (1898), 151

Ind. 454, 50 N. E. 559, 51 N. E. 933; *Frost* v. *State, ex rel.* (1913), 181 Ind. 581, 105 N. E. 51.

Appellant contends that no appeal lies under §6667, *supra,* in a case of this kind. The wording of the statute is such as to silence all controversy, the provision being that appeals shall be allowed from decisions of the (township) trustees relative to school matters to the county superintendents, who shall receive and promptly determine the same according to the rules which govern appeals from justices of the peace to circuit courts so far as such rules are applicable.

The court did not err in its conclusions of law. The application of the principle of law announced to the other questions presented by the assignments of error is decisive of all such questions.

Judgment affirmed.

NOTE.—Reported in 119 N. E. 482. Mandamus in matters involving the management of schools, 98 Am. St. 878. See under (1) 26 Cyc 281.