TODD ET AL. *v.* GOSHORN, TRUSTEE, ET AL.

[No. 11,324. Filed June 30, 1922. Rehearing denied October 13, 1922.]

SCHOOLS AND SCHOOL DISTRICTS.—*Schools.*—*Establishment.*—*Injunction.*—*Statutes.*—An injunction in favor of taxpayers of a school township will not issue to enjoin the erection of a proposed school building on the ground that it is unnecessary and that the expenditure for the construction is unwarranted, the remedy therefor being by appeal from the decision of the township trustee to the county superintendent, as provided by §6667 Burns 1914, §4537 R. S. 1881.

From Wells Circuit Court; *Frank W. Gordon,* Judge.

Action by George W. Todd and others against John V. Goshorn, trustee of Jefferson School Township, and others. From a judgment for defendants, the plaintiffs appeal. *Affirmed.*

*George W. Mock,* for appellants.

*Charles E. Sturgis* and *Robert W. Stine,* for appellees.

NICHOLS, P. J.—This is an action by appellants against appellees to enjoin them from constructing a

new central elementary and high school building in Wells county, Jefferson township, Indiana.

Appellee, Goshorn, is trustee of Jefferson Civil township and *ex-officio* trustee of Jefferson school township of Wells county, Indiana. Appellees Taylor, Summers and Jennings are members of the advisory board of such township, and appellants are each taxpayers thereof.

It is averred in the complaint in substance that there is a sufficient high school building in the township and that the erection of the proposed building is unnecessary and will involve such an expenditure of money as to create an indebtedness beyond the constitutional limit.

The cause was submitted to the court for trial and there was a finding and judgment for appellees, dissolving the temporary restraining order and denying appellants injunctive relief. Appellants' motion for a new trial was overruled, and they now prosecute this appeal, assigning as the sole error the court's action in overruling the motion for a new trial, under which they assign that the decision of the court is not sustained by sufficient evidence and that it is contrary to law.

It is admitted in evidence that the taxable valuation of the property in Jefferson township as approved by the County Board of Review and State Board of Taxing Commissioners for the year 1920, being the year here involved was $7,368,120, exclusive of deductions for mortgage indebtedness. It appears by the evidence that the new school building is estimated to cost between $135,000 and $140,000 and that Jefferson school township did not have any indebtedness at the time. From this evidence it clearly appears that the construction of the proposed central elementary and high school building will not create any indebtedness in excess of the constitutional limit of two per cent.

As to whether the construction of the proposed new school building is unnecessary and that the expenditure

for such construction is unwarranted is not a question for injunctive relief. Section 6667 Burns 1914, §4537 R. S. 1881, provides that, "Appeals shall be allowed from decisions of the (township) trustees relative to school matters to the county superintendents, who shall receive and promptly determine the same according to the rules which govern appeals from the justices of the peace to circuit courts, so far as such rules are applicable; and their decisions of all local questions relating to the legality of school meetings, establishment of schools, and the location, building, repair or removal of school houses, * * * shall be final."

It has been repeatedly held that if the trustee abuses his discretion or improperly refuses to perform the duties required of him, the remedy is by appeal as provided in the foregoing section. *Woodward* v. *State, ex rel.* (1919), 187 Ind. 367, 119 N. E. 482; *State, ex rel.* v. *Black* (1906), 166 Ind. 138, 76 N. E. 882; *Nelson* v. *State, ex rel.* (1907), 168 Ind. 491, 81 N. E. 486; *Frost* v. *State, ex rel.* (1914), 181 Ind. 581, 105 N. E. 51; *Leedy* v. *Idle* (1918), 69 Ind. App. 105, 121 N. E. 323.

There was no error in overruling the motion for a new trial. The judgment is affirmed.