O'CONNOR ET AL. v. BOARD OF COMMISSIONERS OF ALLEN COUNTY ET AL.

[No. 24,195. Filed March 11, 1924.]

1. HIGHWAYS.—*County Unit Law.*—*State Tax Law.*—*Construed in Pari Materia.*—*Statutes.*—In so far as there was no necessary conflict, the County Unit Road Act (Acts 1919 p. 531, §7648b1 *et seq.* Burns' Supp. 1921, and §201 of the tax law of 1919, Acts 1919 p. 198), requiring the approval of the State Board of Tax Commissioners before the issue of highway bonds, were to be construed together as parts of the general law, and any contract for construction of a highway under the County Unit Road Act could not be consummated unless and until the bonds to be issued for such construction were approved by the State Board of Tax Commissioners, the act having been amended in 1921 (Acts 1921 p. 638, §10139t7 Burns' Supp. 1921) giving power to any municipal corporation coming within the definition of §202 of the tax law to issue bonds as it may deem necessary, except that the State Board of Tax Commissioners shall pass upon objections to the issuing of said bonds as presented by petition by taxpayers. p. 391.

2. HIGHWAYS.—*County Unit Law.*—*Disapproval of Bond Issue by State Tax Board.*—*Effect.*—*Statutes.*—A contract between a board of county commissioners and a bidder for the work of constructing a highway under the County Unit Road Law is tentative only and contingent on the action of the State Board of Tax Commissioners on a petition objecting to the issuing of bonds, and where the board has disapproved the issue of bonds, it could not ripen into a consummated contract. p. 393.

3. HIGHWAYS.—*County Unit Law.*—*Disapproval of Bond Issue by State Tax Board.*—*New Decision by Board of Commissioners Not Contemplated.*—*Statute.*—Where a board of county commissioners has determined to issue bonds for the improvement of a highway under the County Unit Road Law, and the State Board of Tax Commissioners has disapproved the issue, under §201 of the Tax Law of 1919 as amended Acts 1921 p. 638, §4, §10139t7 Burns' Supp. 1921, the statute does not contemplate that the board of commissioners may make a new determination to issue bonds without the execution of a new contract, after taking all necessary steps required by the statute. p. 394.

4. HIGHWAYS.—*County Unit Law.*—*Disapproval of Bond Issue.*—*Jurisdiction of State Tax Board.*—*Rate of Interest.*—*Notice of Determination.*—The fact that the notice of the determination of a board of commissioners to issue bonds for the construction of a highway under the County Unit Law gave the interest rate on the bonds as six per cent., the rate fixed by the board being five per cent. as provided by statute, would not deprive the State Board of Tax Commissioners of jurisdiction over a taxpayers' petition to disapprove the bond issue, nor affect the disapproval by the board. p. 395.

5. HIGHWAYS.—*County Unit Law.*—*Disapproval of Bond Issue by State Tax Board.*—*Reletting Contract.*—*Statutes.*—Where a board of county commissioners let a contract for the construction of a highway under the County Unit Law (Acts 1919 p. 531, §7648b1 *et seq.* Burns' Supp. 1921) and determined to issue bonds to pay the expense thereof, and the State Board of Tax Commissioners, under §201 of the tax law of 1919, as amended by Acts 1921 p. 638, §4, §10139t7 Burns' Supp. 1921, disapproved said issue, the county commissioners had authority to receive bids for reletting the work, the acceptance of the first bid and the tentative contract executed thereon having failed through the act of the tax commissioners in disapproving the issue of bonds. p. 396.

From Allen Superior Court; *William N. Ballou,* Judge.

Action by John C. O'Connor and others against the Board of Commissioners of Allen County and others. From a judgment for defendants, the plaintiffs appeal. *Affirmed.*

*Hoffman & Hoffman* and *Smith, Remster, Hornbrook & Smith,* for appellants.

*Harry G. Hogan* and *Barrett, Eberhart & Barrett,* for appellees.

TRAVIS, J.—This is an action by appellants to enjoin the board of commissioners of Allen county from canceling an alleged contract to construct a highway, and from reletting the same.

Appellants by their verified complaint filed May 1, 1922, alleged that in 1919 a lawful petition by freeholders and voters of Allen county was filed with the board of commissioners of the county petitioning for the improvement of the highway commonly known as the Lima road. On April 29, 1919, the board of commissioners referred the petition to the county surveyor. September 3, 1919, the county council of Allen county examined the proposed road, and by unanimous vote held the proposed improvement to be a public utility and that bonds should issue therefor. The board of commissioners and county surveyor filed their report, together with the plans and specifications, in the office of the auditor of Allen county on February 16, 1921, and thereafter, in the same month, filed a supplementary report. Notice was then posted and published according to law asking for bids to construct the proposed work, to be received on March 29, 1921, on which day appellants with other bidders filed their bids to construct said work, and after due consideration, appellees awarded the contract to appellants upon their bid, and thereupon a written agreement was entered into between appellant contractors and appellee commissioners at the con-

tract price of $563,100.94. Thereafter the board of commissioners, on January 28, 1922, adopted an ordinance to issue bonds to provide funds with which to pay for the construction of the highway, in the sum of $570,000 at five per cent. interest. Thereafter a remonstrance was filed with the auditor of Allen county by taxpayers of the county, remonstrating against the issue of bonds as determined upon by the commissioners, which remonstrance was referred to the State Board of Tax Commissioners, which board, after hearing, entered an order that said issue of bonds in the sum of $570,-000 at five per cent. interest be not approved. That on the —— day of April, 1922 (which was prior to the date of filing the complaint), without any notice to appellants, the appellee board of commissioners unlawfully and without right passed a resolution attempting to set aside the written agreement theretofore entered into by and between the appellant contractors and appellee commissioners for the construction of such work, and thereafter, the board of commissioners ordered the auditor of Allen county to readvertise for bids for the construction of the Lima road, to be received on May 3, 1922, which action was taken without notice to appellants and without their consent, all of which action on the part of the board of commissioners was illegal. It is alleged that the contract entered into March 29, 1921, between the parties for the construction of such road was a legal and binding agreement, and that appellees had no lawful or equitable right to set it aside. That there had never been a legal proceeding or determination to issue bonds of the county to provide funds with which to construct the work, and that there had been no lawful hearing by the State Board of Tax Commissioners with reference to the issue of the bonds provided for by the action of the board of commissioners, for the reason that the determination to issue such

bonds by the board of commissioners provided that the bonds bear interest at the rate of five per cent., but that the notice as published for the issue of the bonds provided that they should bear interest at the rate of six per cent. That, unless restrained by the court, the board of commissioners will cancel and void the aforesaid contract for the construction of the road and will receive bids on May 3, 1922, and enter into an agreement with the successful bidder to construct the work, notwithstanding the written agreement with appellants executed March 29, 1921.

Appellees filed their motion to dismiss the appeal for the reason that any action ever taken by them in relation to voiding or setting aside or canceling the alleged written agreement with appellants was taken before the filing of the complaint or the commencement of this action, which is a complete answer to the prayer of the complainants that the board of commissioners be enjoined from setting aside, voiding, canceling, or taking any other action pertaining to setting aside, voiding, or canceling the written agreement entered into by and between the appellants and the appellees under the date of March 29, 1921, and that the only other relief sought by the prayer to the complaint is to enjoin the board of commissioners from entering into any agreement with any other bidders for the construction of such road.

An injunction enjoining appellees from setting aside, voiding, canceling, or taking any action tending to set aside the contract with appellants, would reach the second proposition in the prayer of the complaint, which is to deny the appellees the right to enter into a contract with any other bidder for bids received on May 3, 1923, so that, if the question of enjoining the appellees from setting aside the alleged contract with appellants is moot, the injunction asked to estop appellees

from receiving bids and letting another contract thereon, would not change the situation.

The question whether or not appellees' petition to dismiss ought to prevail because the action by the board

1. of commissioners in setting aside the contract occurred prior to the time of bringing this action, depends, in part, upon whether or not there was a valid agreement entered into between appellants and appellees on March 29, 1921. Appellants' main proposition to sustain their alleged error is, that they had a lawful and valid contract with the appellee, board of commissioners, to build and construct the Lima road. The soundness of this proposition depends upon whether or not the County Unit Road Act (Acts 1919 p. 531, §7648b1 *et seq.* Burns' Supp. 1921) and the act concerning taxation (Acts 1919 p. 198, §10139b *et seq.* Burns' Supp. 1921) with reference to the issue of bonds for the construction of a highway under the County Unit Road Act, shall be construed together, the result of which would be that any contract so sought to be entered into would not be consummated, unless and until the bonds for the construction of such road shall have been approved by the State Board of Tax Commissioners. In any case where the action of such State Board of Tax Commissioners is invoked by remonstrance, as provided in amended §201 of the tax law of 1919 (Acts 1921 p. 638, §10139t7 Burns' Supp. 1921), in construing the two acts mentioned concerning the question at issue, this court holds that, in so far as there is no necessary conflict, the two acts shall be construed together as parts of the general law, and that bonds issued to provide funds for the payment of the improvement of a highway under the County Unit Road Law are bonds of a municipal corporation within the meaning of the state tax act, providing that a municipal corporation may not issue bonds without the approval of the State Board

of Tax Commissioners, when objection is made by peti-
tion as provided by law. *Van Hess* v. *Board, etc.*
(1921), 190 Ind. 347. Since the above case was de-
cided, the section of the act in question, §201, (Acts
1920 [Spec. Ses.] p. 164) has been amended (Acts 1921
p. 638, *supra*) giving power to any municipal corpora-
tion coming within the definition in §202 of the tax law
(Acts 1919 p. 198, §10139u7 Burns' Supp. 1921), to
issue bonds as it may deem necessary, except that the
State Board of Tax Commissioners shall pass upon ob-
jections to the issuing of said bonds as presented by
petition by taxpayers, and decide the question of the
propriety of issuing such bonds, which decision by such
board of tax commissioners shall be final.  Section 201,
*supra,* of the tax law as amended in no way eliminates
or operates to separate it from the County Unit Road
Law, so that the two acts shall be construed together
where there is no conflict between them.  Construing
§201, *supra,* of the tax law as amended with the County
Unit Road Act in relation to the issuing of bonds, the
question arises, has the board of commissioners, acting
under the county road act, power to make a valid, bind-
ing, consummated contract for the construction of a
highway until the time has elapsed within which tax-
payers may petition and object to the issuing of bonds,
or if such petition has been filed, that the State Board
of Tax Commissioners has denied the petition and ap-
proved the bonds?   Under §201 as originally enacted
(Acts 1919 p. 198), the board of commissioners did not
have power to enter into a consummated contract for
the construction of a highway until the issue of bonds
to raise money for the payment of such work had been
approved by the State Board of Tax Commissioners.
Under the section of the act as amended, the board of
commissioners takes many steps in a proceeding to con-
struct a highway, even to determine whether or not

bonds should be issued for the payment of such work, before any action of the State Board of Tax Commissioners may be invoked, if at all. To hold that the board of commissioners could enter into a consummated contract before the time when the action of the State Board of Tax Commissioners may be invoked, would be to hold that the section as amended was useless and without relief; and, to go still further, that the act as amended was incompatible with the County Unit Road Act, and therefore that it bore no relation to the County Unit Road Act, and that they could not be construed together. If the board of commissioners may enter into a contingent agreement with a successful bidder and determine by its action thereafter to issue bonds, as provided by the act, which agreement shall ripen into a consummated contract after the fifteen days have elapsed and no petition filed objecting to the issuing of such bonds, or such a petition having been filed and under the hearing thereof the bond issue having been approved, §201 (Acts 1921 p. 638, *supra*) of the tax act may then be construed with the County Unit Road Act (Acts 1919 p. 531, *supra*) without violence to either.

The court holds that the alleged agreement entered into between appellants and appellees March 29, 1921, was tentative only, and contingent upon the action of the State Board of Tax Commissioners upon the petition objecting to the issue of bonds; and such board having granted the petition and disapproved the issue of the bonds, that such agreement did not ripen into a consummated contract. It follows, that the provisions of §201 of the tax act as amended (Acts 1921 p. 638, *supra*) became a part of the tentative agreement entered into by the appellants and appellees on March 29, 1921, as though written therein at full length. Therefore, the alleged contract in question was not a binding, valid contract which appellants could en-

force notwithstanding the provisions of §201 of the tax act as amended (Acts 1921 p. 638, *supra*). The action of the board of commissioners in April, 1921, pretending to cancel said agreement was of no force or effect for the reason that the action of the State Board of Tax Commissioners in disapproving the bond issue was as complete a rescission of the unconsummated contract as though the contract itself had had written therein a provision that it was subject to the action of the State Board of Tax Commissioners, if invoked according to law, and void and of no force and effect provided such tax commissioners disapproved the proposed issue of bonds determined upon by the board of commissioners. The parties to the agreement were not legally competent to enter into a binding contract except in compliance with amended §201 of the act concerning taxation (Acts 1921 p. 638, *supra*): *Hampden Railroad* v. *Boston & Maine R. R.* (1919), 233 Mass. 411, 124 N. E. 254; *Belmar Contracting Co.* v. *State* (1920), 180 N. Y. Supp. 494, 110 Misc. Rep. 429.

Appellants admit that the decision of the State Board of Tax Commissioners upon the determination of the municipal board to issue bonds is final, but contend that §201 of the tax law as amended (Acts 1921 p. 638, *supra*) contemplates that a new determination by the municipal board to issue bonds for the improvement may be made after an adverse decision by the board of tax commissioners upon the former determination by the municipal board to issue bonds, provided the municipal board makes a change in the amount and character of the bonds in such determination. The basis for the action of the board of commissioners to determine to issue bonds for the purpose of raising money to pay for the construction of such highway is the contract price, and all expenses and damages allowed, not to exceed three per cent. of the

contract price. The contract price is the amount of the accepted bid, potential until enlivened by the favorable action of the board of tax commissioners, or the lapse of fifteen days after determination to issue bonds without a petition having been filed objecting thereto. The municipal board having accepted the bid of appellants as the lowest bid, and the board of tax commissioners having acted upon the petition objecting to the issue of bonds in relation thereto and decided adversely to such determination to issue bonds in the amount stated, there was no potential contract price, or bid upon which a potential contract price could be based, upon which to ground a determination to issue bonds. The proposition of appellants is incorrect.

Appellants claim there was no lawful determination to issue the bonds in question, from which it must follow the decision of the board of tax commissioners was unlawful, for the reason that the notice of such determination by the municipal board to issue bonds gave the interest rate as six per cent., whereas the official action in determining to issue such bonds provides for interest at five per cent. as provided by the statute. The petition objecting to the issue of bonds gave the board of tax commissioners jurisdiction; it was not the notice. The notice had no control over the action of the municipal board determining to issue bonds. The notice served its purpose in notifying the petitioning taxpayers of the determination to issue bonds, who knew the rate of interest provided by the statute, and its function was not jurisdictional. Had notice not been given, the petition, together with such other data as may be necessary in order to present the questions involved, would have invested the board of tax commissioners with jurisdiction to act in the petition and to decide the question. The misstatement of the rate of interest as provided by statute and as de-

termined by the municipal board, in the notice, did not make unlawful either the act in determining to issue the bonds or the decision of the board of tax commissioners in disapproval of such determination.

The board of commissioners had authority to receive bids to relet the work. If there was a binding contract to construct the highway, as claimed by appellants, they failed to enter upon the performance of such contract. The single purpose of the law is to construct highways. The acceptance of a bid to perform the work, having failed through the act of the board of tax commissioners disapproving the proposed issue of bonds, the duty of the board of commissioners, charged by the law to carry into effect the proceeding to construct the highway would be thwarted unless the law implies such reletting, for the statute is silent upon receiving new bids and awarding a contract to the successful bidder. The purpose of the statute would fail, in the event of disapproval of bonds, and in case the contractors failed to complete the work under the contract after it is consummated by the issue of bonds, unless the board of commissioners had authority to advertise for bids and relet the work. It is held that the authority to receive bids for a reletting of the work is necessarily implied. *Donaldson* v. *State, ex rel.* (1909), 46 Ind. App. 273, 90 N. E. 132, 91 N. E. 748.

The action of the trial court, in overruling appellants' motion for a temporary injunction, and refusing to grant a temporary injunction as prayed, was not error.

Appellees' motion to dismiss is overruled.

Judgment affirmed.