BAILEY ET AL. v. BOARD OF COMMISSIONERS OF
CLINTON COUNTY ET AL.

[No. 11,737.    Filed May 2, 1924.]

1. HIGHWAYS.—*Issue of Bonds.*—*Complaint to Enjoin.*—*Sufficiency.*—*Statutes.*—A complaint to enjoin a board of commissioners from issuing bonds to pay for the construction of a highway under the township road law (Acts 1915 p. 680, §7711a et seq. Burns' Supp. 1921), after a previous order for the issuance of bonds for the same road had been disapproved by the State Board of Tax Commissioners under the provisions of the 1919 tax law as amended in 1920 and 1921 (Acts 1920 p. 171, and Acts 1921 p. 640, §10139b et seq. Burns' Supp. 1921), which merely avers that the order of the board to issue bonds was without right or authority, is insufficient, as such averment is merely the conclusion of the pleader, and the board may, after the disapproval of a bond issue by the State Board of Tax Commissioners, let a new contract for the construction of the highway and thereafter order the issuance of bonds therefor.    p. 476.

2. OFFICERS.—*Presumed to Perform Duties.*—*Acts Presumed to be Regular.*—Public officers are presumed to perform their official duties, and their official acts, in the absence of evidence to the contrary, are presumed to be regular.    p. 477.

3. OFFICERS.—*Validity of Acts.*—*Presumptions.*—*Evidence of Precedent Acts.*—Where a precedent act or a pre-existing act is necessary to the validity of an official act, the presumption in favor of the validity of the official act is presumptive proof of such precedent or pre-existing act.    p. 477.

4. HIGHWAYS.—*Issue of Bonds.*—*After Disapproval by State Tax Board.*—*Presumptions.*—Where a board of county commissioners after the disapproval by the State Board of Tax Commissioners of a bond issue for the construction of a highway, entered another order for an issue of bonds to pay for the construction of the road, and the State Tax Board approved the issuance of said bonds, it is presumed that the board of commissioners, as preliminary to its last order, received bids and let a new contract.    p. 478.

From Carroll Circuit Court; *Benjamin F. Carr*, Judge.

Action by W. E. Bailey and others against the Board

of Commissioners of Clinton County and others. From a judgment for defendants, the plaintiffs appeal. *Affirmed.*

*Combs &. Laymon,* for appellant.

*Thomas M. Ryan* and *Hanna & Hall,* for appellee.

*Smith, Remster, Hornbrook & Smith, William A. Hough, Fred A. Sims* and *Willis C. Nusbaum, Amici Curiae.*

NICHOLS, J.—This is an action by appellants against appellees to enjoin appellees from issuing and selling gravel road bonds for the construction of a gravel road.

The only error assigned is the action of the court in overruling appellants' motion for a new trial which presents that the finding of the court is not sustained by sufficient evidence and that it is contrary to law.

It appears by the evidence that in January, 1920, Frank Gossard and others filed with the board of commissioners of Clinton County an amended petition for a free gravel road in Johnson Township, Clinton County, Indiana, under the township unit law. Upon said amended petition, said road was ordered established and on May 3, 1922, the board of commissioners of said county entered an order in which it was determined to issue bonds for its construction, together with other roads, said bonds aggregating $20,600. Notice of such determination was duly published. Thereafter, appellants and more than fifty other resident taxpayers of said township filed objections to said bond issue with the auditor of Clinton County and said objections were certified by said auditor to the Indiana State Board of Tax Commissioners.

On June 17, 1922, pursuant to proper notice by the Indiana State Board of Tax Commissioners, a hearing was had by said board upon said objections to deter-

mine whether or not such bonds should be approved and issued. After hearing all parties concerned, on June 26, 1922, the board entered an order that the bonds be not approved. Thereafter, the board of commissioners of Clinton County, on August 12, 1922, entered another order in said cause in which it was determined to issue bonds. Notice of such determination was duly given. Thereafter, appellants and more than fifty resident taxpayers of said township filed objections to said proposed bond issue with the auditor of Clinton County, which were certified by said auditor to the state tax board. Thereupon, after due notice, a day was set for hearing said objections and said hearing was held on September 15, 1922. Appellants and other objectors appeared and objected to another hearing for the reason that the first hearing and order was final, but said tax board heard the parties and thereupon entered an order that said bond issue be approved.

Appellants contend that the decision of the State Board of Tax Commissioners made June 26, 1922, against the issue of the bonds in question was 1. final, and that the board of county commissioners had no authority to enter the order of August 12, 1922, again determining to issue such bonds. In *O'Connor* v. *Board, etc.* (1924), 194 Ind. 386, 142 N. E. 858, it was held by the Supreme Court that where the board of commissioners has let a contract for the construction of a highway under the County Unit Act, Acts 1919 p. 531, and determined to issue bonds under Acts 1919 p. 198, §201, as amended in the Special Session of 1920, Acts 1920 p. 171, and Acts 1921 p. 642, §10139b *et seq.* Burns' Supp. 1921, and the State Board of Tax Commissioners, on petition, disapproved the issuance of the bonds, such board of commissioners have authority to receive bids for the reletting of the work, and it follows, of course, to let a new contract and to

again determine to issue bonds. There is no averment in the complaint in this case that preliminary to the entry of the order of August 12, 1922, again determining to issue bonds, bids were not received and a new contract let. The only averment in the complaint is that the order of the board in determining to issue bonds was without right or authority, but this is but the conclusion of the pleader and is not sufficient. It was incumbent upon appellants to plead and prove the facts which would show that the order of the board of August 12, 1922, was void.

It is a well-established principle that public officers are presumed to perform their official duties and that their official acts, in the absence of evidence to the contrary, are presumed to be regular. *Mercer* v. *Doe* (1854), 6 Ind. 80; *Evans* v. *Ashby* (1864), 22 Ind. 15; *Culbertson* v. *Millhollin* (1864), 22 Ind. 362, 85 Am. Dec. 428; *Mullikin* v. *City of Bloomington* (1880), 72 Ind. 161; *Heagy* v. *Black* (1883), 90 Ind. 534; *Cummins* v. *City of Seymour* (1881), 79 Ind. 491, 41 Am. Rep. 618; *Baker* v. *Merriam* (1884), 97 Ind. 539; *State, ex rel.,* v. *Sutton* (1884), 99 Ind. 300; *Enos* v. *State, ex rel.* (1892), 131 Ind. 560.

And it is the law that where some preceding act or pre-existing act is necessary to the validity of an official act, the presumption in favor of the validity of the official act is presumptive proof of such preceding act or pre-existing fact. It is presumed that official acts of public officers have been rightly done unless the circumstances of the case overturn this presumption, and acts done which presuppose the existence of other acts to make them legally operative are presumptive proof of the latter. *Nofire* v. *United States* (1896), 164 U. S. 657, 17 Sup. Ct. 212, 41 L. Ed. 588; *Rankin* v. *Hoyt* (1846), 4 How. (U. S.) 327, 11 L. Ed. 996; *Valley Tp.* v. *King Iron Bridge, etc., Co.* (1896),

4 Kans. App. 622, 45 Pac. 660; *Westbrook* v. *Miller* (1885); 56 Mich. 148, 22 N. W. 256; *Wray* v. *Doe* (1848), 10 Smedes & M. (Miss.) 452; *Jackson* v. *Cole* (1825), 4 Cow. (N. Y.) 587; *Titus* v. *Kimbro* (1852), 8 Tex. 210.

Under these authorities, it must be presumed that the board of commissioners of Clinton County, in the absence of averments and proof to the contrary, and as preliminary to the order of determination to issue bonds entered on August 12, 1922, received bids and let a new contract. Sustained by such presumption, such order of August 12, 1922, was a valid order and the bonds therein determined to be issued having been approved by the State Board of Tax Commissioners, appellants must fail in their action to enjoin the issue of the same. Having reached this conclusion we do not need to decide other questions presented.

Judgment affirmed.