WILKINS ET AL. *v.* NEWKIRK, TRUSTEE ET AL.

[No. 12,655.   Filed March 11, 1927.]

1. SCHOOLS AND SCHOOL DISTRICTS.—*Questions as to the expediency of action of school authorities must be submitted to the county superintendent and injunction by taxpayers will not lie.* —Under §6790 Burns 1926, on objection by taxpayers all matters involving the expediency of action relative to the legality of school meetings, establishment of schools, the location, building, repair or removal of school buildings, transfer of persons for school purposes and the resignation and dismissal of teachers, must be submitted to the county superintendent by way of appeal from the township trustee, and injunction will not lie.   p. 670.

2. SCHOOLS AND SCHOOL DISTRICTS.—*Injunction rather than appeal to county superintendent held proper when action of school authorities claimed to be void.*—A suit to enjoin a township trustee and the advisory board from issuing and selling bonds, levying taxes to pay them, and letting contract for an addition to a school building, on the theory that the defendants are proceeding without authority of law and that their proposed action will be illegal and void, *held* proper, as §6790 Burns 1926, authorizing and requiring an appeal to the county superintendent applies only to matters involving the expediency of the action of school authorities and not their validity (*Todd* v. *Goshorn,* 78 Ind. App. 596, distinguished).   p. 670.

3. TRIAL.—Special findings of fact that are beyond the issues are without force.   p. 671.

4. SCHOOLS AND SCHOOL DISTRICTS.—*Necessity for issuing bonds for new school building determined by township advisory board.* —Under the express terms of the statute (§12068 Burns 1926), the question whether an emergency exists requiring the issue and sale of bonds for the construction of a new school building is for the township advisory board, and the courts cannot determine it.   p. 671.

5. SCHOOLS AND SCHOOL DISTRICTS.—*Notice to members of advisory board of meeting to consider school matters held sufficient.*—Notice to members of township advisory board of meeting for the purpose of determining whether an emergency existed for the issue and sale of bonds for the erection of a school building was sufficient where all the members met pursuant thereto.   p. 671.

6. SCHOOLS AND SCHOOL DISTRICTS.—*State Tax Board's disapproval of bond issue for erection of schoolhouse does not preclude commencement of new proceeding therefor.*—The fact

that the State Board of Tax Commissioners has disapproved a proposed issue of bonds for the erection of a school building, and fixed the maximum amount which it will approve, does not preclude the township trustee and advisory board from initiating a new proceeding for the erection of such building and the issue of bonds for a larger amount, where the former proceeding has been abandoned. p. 671.

7. SCHOOLS AND SCHOOL DISTRICTS.—*Sufficiency, of plans and specifications for school building cannot be determined on appeal in absence of evidence.*—That the plans and specifications for a proposed school building are not definite enough cannot be determined on appeal when the evidence, including such plans and specifications, is not in the record. p. 672.

8. SCHOOLS AND SCHOOL DISTRICTS.—*Provision in specifications for school building as to who shall decide as to necessary changes held proper.*—A provision in the specifications for a township school building that if any changes or material alterations are necessary, the decision of the architect, the township trustee and the advisory board shall control, is proper and valid. p. 673.

9. SCHOOLS AND SCHOOL DISTRICTS.—Patented articles cannot be specified to the exclusion of other similar articles in specifications for a public school building, thereby preventing competition. p. 673.

10. SCHOOLS AND SCHOOL DISTRICTS.—*Specifying certain articles as standards for contractors in bidding on school building held proper.*—That certain articles were specified as furnishing standards by which contractors were required to bid for the work of constructing a township school building would not invalidate the contract where other similar articles were permitted to be used in the discretion of the architect and trustee. p. 673.

11. SCHOOLS AND SCHOOL DISTRICTS.—*Order of State Tax Board for bond issue of $56,000 for building schoolhouse, held not void although it had limited issue to $55,000.*—Where a township trustee had given notice of his intention to issue and sell bonds to the amount of $65,000 to construct an addition to a school building, but a remonstrance being filed, the matter was certified to the State Board of Tax Commissioners, which determined that the improvement was needed, but only to the amount of $55,000, and ordered the officers to advertise for bids, but not exceeding that amount, and to submit such bids to the board for further action, an order of the tax board for a bond issue of $56,000 was not void where the lowest bid exceeded $55,000 but was less than $56,000. p. 673.

From Montgomery Circuit Court; *Jere West,* Judge.

Suit by Thomas Wilkins and others against Charles W. Newkirk, trustee of Madison School township in Montgomery county and the advisory board of such township. From a judgment for defendants, the plaintiffs appeal. *Affirmed.* By the court in banc. ·

*John Harrigan* and *Chase Harding,* for appellants.

*W. J. Sprow,* for appellees.

NICHOLS, J.—Action to enjoin the trustee and advisory board of Madison school township, Montgomery county, Indiana, appellees, from issuing and selling bonds in the amount of $56,000 and from levying taxes upon the taxpayers and property of such township to pay for the same, and from letting a contract or contracts for the construction of an addition to a school building in the town of Linden, located in such township, and from paying out the moneys of the township for the architect's charges and other expenditures in the project of such construction because of the claimed illegality of the proceeding, and because, appellants alleged, the extent and cost of school facilities from such school township had already been fixed by an order of the state tax board, which appellees were ignoring; also that a duplicate proceeding for the same project was pending on appeal in the Supreme Court.

Upon complaint filed, a restraining order was issued which stopped all proceedings. Thereafter, the defendants filed answer in general denial. Trial was had, and special findings of facts made; with the result that judgment was rendered against appellants, dissolving the injunction. The error assigned is the court's conclusion of law. We are able to understand, without difficulty, the points which appellants undertake to present and we therefore give no attention to appellees'

objections to appellants' brief which shows a good faith effort to present the points involved.

It appears by the findings that in the town of Linden, Madison township, Montgomery county, Indiana, exists a schoolhouse which has been built for some years and is in use for high school purposes for the entire township, and for the grades for part of the township. This building is in good condition and of modern type and construction, except that from increased branches of study adopted in recent years, it has become crowded in certain departments.

In January, 1922, the trustee and advisory board, at a special session properly called, found that an emergency existed for the construction of an addition to the school building and, under proper proceedings, adopted plans and specifications and gave notice of an intention to issue bonds for such addition to the amount of the estimated cost of such addition. Objection was made by taxpayers, in the numbers and in the manner authorized by law, and a hearing was had before the State Board of Tax Commissioners, with the result that the proposed issue of $80,000 of bonds was disapproved by such board, but it entered an order approving an issue of $30,000 for the construction of such addition to the building as was necessary, and this order has never been appealed from, modified or set aside.

In April, 1924, the trustee and advisory board of this same township instituted proceedings again as an emergency matter, at a special meeting, for the construction of the same addition to the school building, ignoring the former proceedings and order of the tax board, and proposed to issue bonds of the township in the amount of $55,000 for such project. Plans and specifications were adopted of the same general type and design as were had in the proceeding in 1922, except the plans were reduced in size so as to reduce the cost of the

project to approximately $55,000, it being intended to take care of additional items of construction and equipment to the extent of several thousand dollars outside of the bond issue. To this proceeding, taxpayers of the township in the proper number and manner again remonstrated, and a hearing on this project was had before the State Board of Tax Commissioners, with the result that the state board issued an order directing the trustee and advisory board to advertise and receive bids, and if proper bids were received, the bonds would be approved. The trustee and advisory board then advertised for bids and proposed to proceed with the letting of a contract for the school addition and the issuing of bonds, but, before this was done, certain taxpayers of the township filed in the Montgomery Circuit Court proceedings to enjoin the construction and issuing of bonds, with the result that a restraining order was issued and later a hearing on this proceeding was had, with the result that the court dissolved the restraining order, and thereupon the plaintiffs in that case prayed and perfected an appeal to the Supreme Court of the state, which appeal is now pending and the township authorities are resisting it, and the question in issue on the appeal has not yet been decided.

All proceedings were in proper and legal form. And the proceedings begun in 1924, were, as to the forms of record, notices, remonstrances and other statutory steps, it is claimed by the township authorities, all in due form, as provided by law.

Appellee Newkirk, is and since January, 1923, has at all times been the properly qualified and acting trustee, and appellees Rhea, Kantz and Vincent, have at all times for the same period been the properly qualified and acting members of the advisory board of Madison school township, and the proceedings had in 1922 were had by the then qualified and acting township trustee

and advisory board members. The township trustee and advisory board members now claim it is their intent wholly to abandon the proceedings had for the school-house construction in 1922 and in 1924, and that they have abandoned these proceedings; although they have not abandoned the proceedings on file in the Supreme Court taken by the taxpayers from the township proceedings in 1924.

On June 3, 1925, without notice in any way to the taxpayers of the township, the trustee issued a notice to the members of the advisory board for a special meeting to be held on that date, to determine whether an emergency existed for appropriating funds for building an addition to said school building, which notice was duly received. Pursuant to such notice, the trustee and advisory board members met on June 3, 1925, and unanimously consented to consider whether such an emergency existed, determined that it did exist, and authorized and directed the trustee to issue bonds of the township in the sum of $65,000. Proper record was made of such proceeding.

No further action was taken toward the issuing of the bonds in question until in September of that year, and no notice to the taxpayers of any intention to issue such bonds given until in September, and in making up the annual budget for the township, the township trustee did not include in the estimate of taxes to be levied for such township, which he duly published in August, 1925, any levy or estimate for taxes to provide funds for the payment of the principal or interest of any bond issue for said township. But the trustee and advisory board, at the regular annual meeting held in such township September 1, 1925, in making the tax levy for the township for the ensuing year, included an item of twenty-five cents on the hundred dollars of the taxable property of said township for the purpose, as

stated in their record, of paying the principal and interest of a proposed bond issue made for the construction of the addition to the school house in question. And they claimed the levy was so included as an emergency levy left out of the annual budget as published. The taxpayers becoming aware of this, filed objections in the manner authorized by law with the State Board of Tax Commissioners, and on a hearing had before that body, this proposed tax of twenty-five cents on the hundred dollars was canceled as being not properly authorized, and was not included in the tax levy of the township, and was stricken out of the levy as made by the trustee and advisory board at the special meeting.

On September 14, 1925, the township trustee gave notice to the taxpayers of Madison school township of his intention to issue bonds for the proposed school building, in the sum of $65,000, which notice was properly published and posted in all things as provided by law, and thereupon, within twenty-nine days from September 14, 1925, and within the time provided by law, appellants, being more than two taxpayers of such township, properly qualified, remonstrated against the proposed improvement and bond issue as provided by law, and thereafter a hearing was had before the State Board of Tax Commissioners, as a result of which, such board of tax commissioners found that the improvement was needed, but only to the amount of $55,000, and that this sum was within the financial ability of the taxing unit, and ordered that the officers modify the plans and specifications and advertise for and receive bids for the construction of the proposed improvements, so that the cost would not exceed $55,000 and that the amount of the bids when received should be submitted to the State Board of Tax Commissioners within five days after the same were received, for such further action, as provided by law, as might be taken.

After due notice and procedure, bids were received, the lowest aggregating $55,471, and upon submitting the same to the State Board of Tax Commissioners, such board approved an issuance of bonds in the sum of $56,000 to be used for the construction of the addition to the school building. On the day fixed for receiving bids for the sale of such bonds, appellees were restrained in the proceeding from the sale thereof.

There is some contention that appellants' remedy was by way of appeal to the county superintendent under the provision of §6790 Burns 1926, §6667 Burns 1, 2. 1914. That section provides that appeals from trustees on questions relating to the legality of school-meetings, establishment of schools, and the location, building, repair or removal of schoolhouses, or transfers of persons for school purposes, and resignations and dismissal of teachers shall be to the county superintendent, whose decisions shall be final. Under that section, it was held in *Todd* v. *Goshorn, Trustee* (1922), 78 Ind. App. 596, 135 N. E. 889, that an injunction in favor of taxpayers of a school township will not issue to enjoin the erection of a proposed school building on the grounds that it was unnecessary and that the expenditure for the construction was unwarranted, such matters being for the county superintendent on appeal. And in *Woodward* v. *State, ex rel.* (1919), 187 Ind. 367, 119 N. E. 482, the court calls attention to the provision in the section to the effect that appeals shall be allowed from the decisions of township trustees relative to school matters to county superintendents, who shall receive and promptly determine the same. It is clear from this section and the authorities construing it that in matters involving expediency of action in school matters appeals must be to the county superintendent. But no such questions are presented by the complaint, its theory being that appellees were

proceeding to a bond issue without authority of law, and that their action was therefore illegal and void.

3. We only need to consider such questions as are presented by the pleadings. If there are findings beyond the issues, they are without force.

4. Appellants contend that appellees were attempting to declare an emergency in the face of the facts, but this is not a question for the courts to determine. The statute expressly gives the determination of this question to the advisory board and no right of appeal therefrom is given. As was said in *Follett* v. *Sheldon, Treas.* (1924), 195 Ind. 510, 530, 144 N. E. 867: "The statute under consideration clearly leaves it to the advisory board to determine whether an emergency exists to issue bonds for a new schoolhouse, and, of course, the courts could not decide that question."

5. Appellants contend that the notice to the members of the advisory board of the meeting at which the emergency here involved was declared was insufficient, but we think otherwise. It apprised them of the time, place and purpose of the meeting, and, pursuant thereto, they were all present, and voted unanimously that there was an emergency. This was sufficient.

6. Nor can appellants' contention that the state tax board in the year 1922 having fixed the amount that could be expended, and the amount of bonds that could be issued at $30,000, such action is final, unappealed from and in full force, prevail. That it was final as to that proceeding is not questioned, but it will not do for us to say that no other proceeding could thereafter be commenced. The state tax board is not given authority to review its decisions, and to say that no other proceeding could thereafter be commenced would be the equivalent of saying that there could be no relief from any error in judgment or ruling on insuf-

ficient facts. That the proceedings in 1922 and in 1924 had been abandoned is admitted by appellees and not denied by appellants. It is true that there was an appeal pending in the Supreme Court from a decision of the circuit court of Montgomery county, but that appeal was taken by the taxpayers, and the trustee and the advisory board were not in position to dismiss it. In *O'Connor* v. *Board, etc.* (1924), 194 Ind. 386, 142 N. E. 848, it was held that where a board of county commissioners let a contract for the construction of a highway under the County Unit Law, and determined to issue bonds to pay the expense thereof, and the State Board of Tax Commissioners disapproved the issue, the county commissioners had authority to receive bids for reletting the work, the acceptance of the first bid and their tentative contract executed thereon having failed through the act of the tax commissioners in disapproving the issue, as fixed by the trustee and advisory board. True, the board fixed an amount that it would approve, but the trustee and advisory board were not compelled to act thereon at their peril of thereafter being deprived of making any improvement. In *Bailey* v. *Board, etc.* (1924), 81 Ind. App. 474, 143 N. E. 690, it was held, as in the O'Connor case, that where the state tax board disapproved the issuance of bonds, the county commissioners had authority to receive bids and relet the work. We hold that in this case, the trustee and advisory board could abandon the proceeding and commence a new one.

Appellants next complain that the plans and specifications are not definite enough, but the evidence is not in the record, and we can only determine this so far as the specifications appear in the findings, and, so far as they appear therein, we do not find them insufficient in law for the purpose intended.

The specifications provide that if there be any changes or material alterations necessary, the decision of the

architect, trustee and advisory board shall control. This was a very necessary provision. In the construction of any building, there are always minor changes to be made to meet conditions as they arise, and such a provision is a protection to the builder, especially so in the event of a suit on the contractor's bond. Such a provision for changes was held valid in *Cleveland, etc., R. Co.* v. *Moore* (1907), 170 Ind. 328, 340, 82 N. E. 52.

It is the law that patented articles cannot be specified to the exclusion of other similar articles thereby preventing competition, but in this case there is no showing that any of the articles specified were patented. Further, while certain articles are specified as furnishing a standard by which contractors are required to bid, invariably the specifications provide for articles that are similar, in the alternative, in the discretion of the architect and trustee. Such provision does not invalidate the contract.

As appears above, the trustee having given notice that it was his intention to issue bonds for the improvement to the amount of $65,000, and there having been a remonstrance, the matter was submitted to the state tax board, which determined that the improvement was needed, but only to the amount of $55,000, and ordered the officers to modify plans and specifications, and to receive bids so that the cost would not exceed the amount. They were further ordered to submit the bids received to the board within five days for such further action, provided by law, as might be taken. When the bids were taken and submitted, it developed that the lowest was a few hundred dollars above $55,000, so that the board, after due consideration, ordered a bond issue of $56,000. The matter was still pending before the board, no final action having

been taken.    We can discover nothing in the record that indicates any bad faith, and we conclude that such an exercise of discretion on the part of the board, after considering the trustee's intention to issue bonds to the amount of $65,000, should not invalidate the proceedings.

We find no reversible error.    Affirmed.

Dausman, J., absent.