JACKSON TOWNSHIP v. THE HOME INSURANCE COMPANY, OF COLUMBUS, OHIO.

TOWNSHIP TRUSTEE.—*Contract.*—*Civil and School Township.*—The trustee of a civil township, as such, has no authority to execute a contract, or incur a liability for the benefit of the property of the school township of which he is also trustee.

SAME.—*Contract by.*—*Particular Words and Phrases.*—Where a township trustee executes a contract, therein describing himself as acting for the "township," such description is held to mean the civil—not the school—township.

From the Huntington Circuit Court.

*H. B. Sayler* and *J. B. Kenner*, for appellant.

*L. P. Milligan* and *A. Moore*, for appellee.

PERKINS, J.—The appellee sued the appellant on a promissory note, which is in the words following, viz:

"$280.00.     ROANOKE, INDIANA, November 4th, 1870.

"Two years after date, as trustee of Jackson township, I promise to pay to the order of Home Insurance Company, of Columbus, Ohio, two hundred and eighty dollars, for insurance on school-houses for said township, payable at First National Bank, Huntington, Indiana, value received, without any relief whatever from valuation or appraisement laws, with interest annually at six per cent. until due, and ten per cent. after due, and all costs and attorney's fees for collection, if said note is not paid at maturity.     M. MINNICH,

"Trustee of Jackson Township."

The complaint contained a second paragraph on account, for the money due for the insurance, accompanied by a bill of particulars. The appellant demurred to each paragraph of the complaint, assigning for cause that the same did not constitute a cause of action against said appellant. The court overruled the demurrer, the appellant, the township, electing to stand by her demurrer, excepted to the ruling of the court, refusied to answer over, and the insurance company had judgment for the amount of the note. The township appeals to this court, and here assigns for error the overruling of her demurrer to the complaint.

A complaint, to be good, must state facts sufficient to constitute a cause of action in favor of the party who sues, and against the party who is sued. In this case, the party sued is Jackson Township, Huntington county, Indiana. The court judicially knows that Jackson Township, the defendant, had no power to make the contract or incur the liability, to enforce which this suit was brought. The powers of the township are conferred by a general law or statute, of which the court takes judicial notice, and are determined and defined by the construction of the statute. The court had this question under

consideration, and decided it, in *McLaughlin* v. *Shelby Township*, 52 Ind. 114. It held that the township had no power to make a contract for the building of a school-house. And if it has no power to build, it requires no argument to show that it has no power, unless specially conferred, to insure a school-house.

One and the same person acts as trustee for the township, and for the school township, two corporations within the same territory. The corporations are distinct, their powers are different, and the accounts of the two should, to prevent confusion, be kept separate; and the person acting in the double capacity of trustee for both, in making contracts, should designate the character in which he acts in the particular case, that it may appear for which corporation he is acting, and which is to be bound by his act. In this case, he describes himself as acting for the " township," simply, which means the civil, not the school township, and his action in the premises was without authority and void. *Sims* v. *McClure*, 52 Ind. 267.

Judgment reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.