Greensboro Township, Henry County, *v.* Cook.

———◆———

GREENSBORO TOWNSHIP, HENRY COUNTY, *v.* COOK.

TOWNSHIP.—*Civil and School.*—*Trustee.*—*Action.*—*Pleading.*—The trustee of a civil township, as such, has no authority to employ a teacher of a common school of his township, and an action brought against such township, for services rendered under such employment, can not be maintained.

From the Henry Circuit Court.

*M. E. Forkner* and *E. H. Bundy,* for appellant.

BIDDLE, C. J.—David K. Cook sued Greensboro Township, in Henry county, Indiana, for "twenty days teaching school at Prairie school-house, and for said township, at the request and upon the employment of Stephen Ditch, trustee of said township, in the Fall of 1873, at two dollars per day," which he alleges is due and unpaid. The suit was commenced before a justice of the peace, and was appealed to the circuit court, wherein the appellee recovered judgment against the appellant, over a motion for a new trial and exception. The appellant brought the case here on appeal.

Greensboro Township is the name of the corporation of the *civil* township. The trustee of Greensboro Township has no authority to employ school-teachers, and the township cannot be made liable to them, if so employed. Greensboro School Township is the name of the *school* township, and is the only authority, which, by its trustee, can employ a school-teacher. The two corporations, both created by law, although they occupy the same territory, and have the same trustee, are as distinct in their rights and liabilities as are two individuals of different names. They cannot perform each other's functions, nor be made liable for each other's duties. This case, therefore, cannot be sustained. The appellee has sued one corporation for the liability of another. He must fail in his suit. This question has been several times decided by this court. See *Jackson Township* v. *The Home Insurance Co.*, etc., 54 Ind. 184, and the cases there cited.

There is another question made in the case, upon an amendment to the summons, but it is useless to decide it, as we hold that the appellant cannot be held liable even when "in court."

The judgment is reversed, with costs; cause remanded, etc.