## THOMPSON *v*. TRUE, TRUSTEE.

[No. 24,120.   Filed April 23, 1924.]

1.  SCHOOLS AND SCHOOL DISTRICTS.—*High Schools.—Establishment of.—Statute.*—The act of 1919 (Acts 1919 p. 806), stating conditions on which a high school should be established in certain townships in which no high school existed, related only to the *establishment* of a high school, and not to the erecting of a new high school building, on either an old or a new site, and applied only to townships in which there was no high school, from which it follows that a complaint to enjoin a township trustee from erecting a new building for a joint elementary and high school under that act was insufficient which did not allege that the trustee was intending or attempting to establish a new high school.   p. 495.
2.  PLEADING.—*Striking out Allegations.—When Harmless.—* Striking an allegation from a pleading is harmless where the pleading is insufficient with the allegation included.   p. 495.

From Allen Superior Court; *William N. Ballou,* Judge.

Action by William H. Thompson and others against Charles F. True, Trustee of Marion township, Allen county.   From a judgment for defendant, the plaintiffs appeal.   *Affirmed.*

*John W. Eggeman, William Fruechtenicht* and *Samuel C. Cleland,* for appellants.

*Colerick & Hogan,* for appellee.

GAUSE, J.—This action was brought by appellants as taxpayers to enjoin appellee as township trustee from building a joint elementary and high school.   The action was filed while Chapter 213 of the act of 1919 (Acts

1919 p. 806) was in force and appellants, by their complaint, sought to allege facts which showed that appellee did not have authority to construct said building by virtue of said act. The complaint alleged that said trustee was making preparations to build a joint high and elementary school in said township and was taking steps to acquire land upon which to build the same. It is then alleged that said trustee has no authority under the law to construct said building, because there has not been presented to him a petition signed by one-third of the parents, guardians, etc., having charge of children enumerated in said township, and that for the two years last past there have not been eight or more graduates of the township elementary schools residing in said township.

Upon motion of appellee, the court struck out the allegation to the effect that there had not been eight graduates of the township elementary schools for the past two years.

The cause was put at issue by a general denial and after a trial there was a finding and judgment for appellee.

Appellants filed a motion for a new trial alleging the insufficiency of the evidence to sustain the decision of the court. This motion was overruled.

Appellants assign as error and discuss the rulings upon the motion to strike out part of the complaint and the motion for a new trial, but say that the question here involved is raised by both assignments.

Appellants claim that their alleged cause of action as made by the complaint and by the evidence arises because the appellee was governed by said act of 1919 (Acts 1919 p. 806). Said act provided: "That in each township in this state having an assessed valuation of more than six hundred thousand dollars ($600,000) of taxable property, and *wherein*

*there is not now established a high school in such township* or in any town within such township and where there is no high school within three (3) miles of any boundary line of such township, and wherein, for each of the two (2) years last passed, there have been eight (8) or more graduates of the township elementary schools residing in such township, the township trustee shall establish and maintain therein a high school and employ competent teachers therefor."

It will be observed that this act relates to the *establishment* of a high school and does not apply to townships in which there are established high schools.

1. It does not apply to the building of a new building on either a new or old site for a high school already established. *Glendenning* v. *Cowan* (1915), 59 Ind. App. 529.

The appellants in their complaint did not allege that the trustee was intending or attempting to establish a new high school, nor that there was no high school established in said township.

There was no evidence tending to show that there was not already an established high school in said township, and it does not appear from the evidence

2. but that the trustee, in all he had done and was threatening to do, was only rebuilding or relocating an established and existing high school. If he was only proceeding to build a new building for an established high school, then he was governed by other statutes, none of which appellants alleged nor attempted to show he had violated. The burden being on the appellants to prove that the acts of appellee were without authority of law, on the theory set out in their complaint, it follows that appellants were not entitled to a judgment in this case, because they failed to prove that no high school was already established in said township. It necessarily results, then, that appellants

were not harmed by the action of the court in striking out the allegation of their complaint relating to the number of graduates of the elementary schools. Whether this allegation was in or out of the complaint, or whether there was evidence of the number of such graduates, would not change the result, for the reason that neither the complaint nor the evidence makes a case wherein such fact is material. That fact is only material in cases of the establishment of high schools where there is none existing, and not in cases of the rebuilding of existing ones.

Appellee contends that since the legislature of 1921 (Acts 1921 p. 322, §6584b Burns' Supp. 1921) amended the act of 1919, so as to permit the establishment of a new high school in certain townships, regardless of the number of graduates of the elementary schools, that this later act should be held to apply, although this action was brought before its passage, and that, therefore, the judgment was correct; but because of our decision on the other question, it is not necessary for us to consider this contention.

The judgment is affirmed.