## KEGERREIS, TRUSTEE, *v.* STATE, EX REL.

[No. 24,107.   Filed January 27, 1925.]

1. SCHOOLS AND SCHOOL DISTRICTS.—*Township Trustee Attacking Order of County Superintendent.*—A township trustee has no right, merely because of his official position, to attack an order of the county superintendent of schools affecting the school patrons and taxpayers of his township, obtained by part of such patrons against the opposition of others.   p. 593.

2. SCHOOLS AND SCHOOL DISTRICTS.—*Establishment of School.— Order of County Superintendent.—Impeachment of Order.— Statute.*—Statements, promises and representations by a county superintendent of schools as to what he will do, after a public hearing, on an appeal from a decision of a township trustee as to the establishment of a high school under the provisions of §6584b Burns' Supp. 1921, Acts 1919 p. 806, before its amendment by Acts 1921 p. 322, furnish no ground for impeaching an order made by him contrary to such promises and representations.   p. 593.

3. SCHOOLS AND SCHOOL DISTRICTS.—*Establishment of School.— Order of County Superintendent.—Effect as Evidence.—Statutes.*—In an action of mandate to compel a township trustee to comply with an order of the county superintendent of schools that a high school be established under the provisions of §6584b Burns' Supp. 1921, before its amendment by Acts 1921 p. 322, which order had become final under §§6667, 6668 Burns 1914 by failure to appeal therefrom to the state superintendent, proof that the order was made on appeal from a decision of the township trustee, after a hearing, was *prima facie* sufficient to show that it was the trustee's duty to establish the school.   p. 596.

4. SCHOOLS AND SCHOOL DISTRICTS.—*Establishment of School.— Order of County Superintendent.—Refusing to Set Aside for Fraud.—Statute.*—In an action to mandate a township trustee to establish a high school as ordered by the county superintendent under §6584b Burns' Supp. 1921, before its amendment by Acts 1921 p. 322, the court properly refused to set aside the order for fraud which was not pleaded.   p. 596.

5. APPEAL.—*Reversal not Ordered on Conflicting Evidence.*— An appellate tribunal will not reverse a judgment on the weight of conflicting evidence. p. 596.

From Blackford Circuit Court; *Frank W. Gordon,* Judge.

Action by the State of Indiana on the relation of John Frazier against Charles Kegerreis, as trustee of Jackson school township. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Enos Cole* and *Simmons & Simmons,* for appellant. *A. G. Emshwiller,* for appellee.

EWBANK, J.—An act passed in 1913 and amended in 1917 was again amended in 1919 so as to provide, in substance, that in any township having an assessed valuation of more than $1,250,000 of taxable property, and in which there had been eight or more graduates of the township elementary schools residing in the township for each of the two years last passed, whenever one-third or more of the persons living therein and having charge of children who were enumerated for school purposes in said township at the last preceding enumeration should petition the trustee to establish and maintain a high school or joint high school and elementary school, he should do so and employ competent teachers therefor. After this suit was commenced, the act was further amended so as to require the township trustee to establish and maintain the kind of high school petitioned for, regardless of the number of graduates of the elementary schools in such township, but no provisions of the law were repealed that bear on the questions presented by this appeal. §6584b Burns' Supp. 1921, §1, Acts 1921 p. 322.

The complaint alleged that in July, 1920, the relator and eighty-eight others, all school patrons, heads of families and persons having the care and control of

school children residing in Jackson township, who were enumerated for school purposes at the last preceding enumeration, filed with the defendant trustee (appellant) a petition. stating the necessary jurisdictional facts under the statute (reciting them), and asking him to establish and maintain a joint high and elementary school; that the trustee accepted the petition and marked it and filed it in his office and set a date for the hearing thereon, which was continued by agreement to a later time, when the trustee, after hearing the petitioners, refused to establish and maintain such school, or to employ teachers for the same; that the petitioners thereupon gave notice and filed a bond, and duly perfected an appeal to the county superintendent of schools; that the matter was set for hearing and was heard by the county superintendent, "and that at said hearing and after being duly advised in the premises said county superintendent of schools of Blackford county, Indiana, granted the prayer of said petition, and found that a necessity did exist for the establishment and maintenance of a joint high and elementary school in Jackson township, as prayed for in said petition, and that competent teachers should be employed therefor," and made an order, recited at length in the complaint, that this be done; and that he made and certified, under his hand and seal of office, a transcript of his finding, decision and order, and filed the same in the office of the defendant trustee; but that defendant refused, and still refuses, to establish and maintain a joint high and elementary school, and refuses to employ competent teachers therefor, and gives out word that he will not do so; that there is no high school of any kind in Jackson township, or in any town or city therein, and the property of the township has an assessed valuation for taxation of $5,779,455, and neither the school township nor the civil township

owes any debt whatever. The complaint was duly sworn to by relator. The answer was a general denial, with which was filed a cross-complaint, alleging that, at the hearing before the trustee, no evidence was offered in support of the petition; that before an appeal to the county superintendent had been taken, a committee of school patrons told him that they were about to employ attorneys and to solicit withdrawals from the petition, and told him they were informed they could obtain enough withdrawals to defeat the petition, whereupon (the answer alleged) the county superintendent told them they need not do so, as the trustee would not grant the petition, and if an appeal should be taken from the trustee's decision rejecting it, he, the county superintendent, would reject the same; that said committee believed him, and relying on his statement did not proceed to obtain withdrawals; that the county superintendent told cross-complainant (the trustee), before he had acted on the petition and when it was pending before him, that no attorneys need be hired or withdrawals from the petition obtained, as he would reject the petition in case the trustee should reject it and the matter be appealed, and that the trustee told the committee what he said, and relying thereon, they ceased to obtain withdrawals of names from the petition; that the county superintendent really was in favor of the school, and made said statements for the fraudulent purpose of inducing the committee not to obtain withdrawals, and knew at the time that enough withdrawals could be obtained to defeat the petition; that, after the appeal was taken, the county superintendent repeated his said statements on divers occasions, but receiving information that he was not sincere, the committee did procure withdrawals of names from the petition (the number not stated) and offered proof of such withdrawals at the hearing, but that the county

superintendent had written out an opinion, decision and order before the hearing, which he read as his decision and order at the close of the hearing, and that, by reason of said facts, the order was fraudulent. It was also alleged that while present with their attorneys at said hearing, "petitioners offered no evidence thereat in support of said petition," but the receipt and consideration by the county superintendent of evidence was not negatived, and there was no allegation that the facts really were different from what the county superintendent found them to be, nor any denial that Jackson township did contain property of an assessed valuation exceeding $1,250,000, and many graduates from its elementary schools in each of the two years last passed, or that the petitioners for the new high and elementary school did constitute more than one-third in number of the school patrons, as found by him.

A demurrer to this cross-complaint was overruled, and the ruling is assigned as cross-error. The demurrer was on the ground that the township

1, 2. trustee was not shown to be a taxpayer or a school patron, or otherwise to have a legal interest in procuring the order of the county superintendent to be set aside and annulled, and that merely being the township trustee charged with the duty of establishing the school gave him no such interest; and that statements and representations by a public officer as to what he would do after a public hearing should be held before him on an appeal in a matter pending before an inferior tribunal, in case an appeal to him afterward should be taken, were not such statements and representations as an interested person would have the right to rely upon, and could not amount to fraud. Both of these objections are well taken. It is not to be endured that parties to a proceeding which will come

before a public official for decision after a hearing shall be permitted to pledge him in advance to decide in their favor, and thereby acquire a right to set aside the decision he may afterward make in case he does not keep the promise. That such a promise was made might be cause for successful complaint by the adverse party in case the promised decision was afterward rendered, and such facts could be proved; but while the alleged conduct of the county superintendent would be very reprehensible, if the allegations are true, those who wrongfully solicited and obtained it cannot be permitted to take any advantage of the wrong which they committed in so doing. And the mere fact that the defendant was a public officer gave him no right to attack an order affecting the school patrons and taxpayers of his township, which had been sought and obtained by part of such patrons against the opposition of other patrons. The cross-complaint failed to state a cause of action, and the demurrer to it should have been sustained.

A motion for a new trial for the alleged reasons that the decision was not sustained by sufficient evidence and was contrary to law, was overruled, and appellant excepted. It is urged that the evidence is insufficient in that it does not directly prove the assessed valuation for taxation of the taxable property in Jackson township to have exceeded $1,250,000, nor directly prove that eight or more pupils had graduated from the elementary schools of the township in each of the last two years who resided in the township, or that the signers of the petition constituted more than one-third of the school patrons, guardians and heads of families having charge of children of school age living and residing in the township and enumerated therein for school purposes. Neither was there any evidence that these facts

or any of them did not exist; but the evidence only showed that the county superintendent made an investigation and ascertained that all of said facts were true, having evidence to that effect in the form of papers which showed them to be true, and that, after a hearing, he so found.

The statute above referred to (§6584b Burns' Supp. 1921, *supra*) provided that, upon the presentation of a proper petition, signed by the required number of school patrons, to the trustee of a township which fulfilled the conditions prescribed as to value of taxable property and number of resident graduates from its elementary schools, "said trustee shall establish and maintain therein a high school or a joint high school and elementary school and employ competent teachers therefor." §1, Acts 1919 p. 806, since amended by §1, Acts 1921 p. 322, *supra*. And another section provided (and still provides) as follows: "Appeals shall be allowed from decisions of the [township] trustees relative to school matters to the county superintendents, who shall receive and promptly determine the same according to the rules which govern appeals from justices of the peace to circuit courts, so far as such rules are applicable; *and their decisions of all local questions relating to* the legality of school meetings, *establishment of schools,* and the location, repair or removal of school-houses, or transfers of persons for school purposes, and resignation and dismissal of teachers, *shall be final,*" (Our italics) subject only to a further appeal to the state superintendent of public instruction, which was not taken in this case. §§6667, 6668 Burns 1914, §§4537, 4538 R. S. 1881. *Woodward* v. *State, ex rel.* (1919), 187 Ind. 367, 371, 119 N. E. 482.

It follows that when the county superintendent, on appeal from the township trustee, had heard the mat-

ter and decided that the school petitioned for 3-5. should be established, and nothing was done toward taking a further appeal within the time allowed for that purpose, his decision was final and conclusive, unless and until overthrown by a direct attack on the ground of fraud. And proof that he had heard the matter on appeal and had rendered such a decision was *prima facie* sufficient proof that it was defendant's duty, as township trustee, to establish the school. And since there was no pleading presenting an issue of fraud on behalf of any one shown to have a right to attack the decision of the county superintendent on that ground, the court properly refused to set it aside for that reason, and if it remained in force, judgment necessarily went in favor of the plaintiff. But even if an issue of fraud had been duly joined upon a pleading by persons having the right to make such an attack upon the decision of the county superintendent, the evidence relied on by appellant to sustain the charge was in conflict with other evidence to the contrary. And this court will not reverse a judgment on the weight of conflicting evidence.

The judgment is affirmed.