## SEIFERS *v.* MOORE, TRUSTEE, ET AL.

[No. 12,257.   Filed November 5, 1925.   Rehearing denied January 27, 1926.]

1. APPEAL.—*Appellate tribunal can only review and pass upon the rulings of the trial court and cannot review a ruling of the State Board of Tax Commissioners on a matter connected with the litigation.*—An appellate tribunal can only review and pass upon the rulings of the trial court, and hence was without authority to pass on a ruling of the State Board of Tax Commissioners as to a matter connected with the litigation in which the tax board had preliminary jurisdiction.   p. 128.

2. SCHOOLS AND SCHOOL DISTRICTS.—*Trustee required to establish high school or joint elementary and high school when petitioned for by one-third of school voters of any one of specified townships under §6843 Burns 1926.*—Under §6843 Burns 1926, a township trustee is required to establish a high school or a joint elementary and high school when petitioned for by one-third or more of the parents, guardians or heads of families living in the township having charge of children who were enumerated for school purposes in said township at the last preceding enumeration, the assessed valuation of taxable property in said township exceeding $1,250,000, and there being no high school in the school township, notwithstanding there may be an established high school within three miles of a boundary line of such township.   p. 129.

3. SCHOOLS AND SCHOOL DISTRICTS.—*Trustee of school township with specified property valuation required to establish joint elementary and high school under the conditions specified in §6843 Burns 1926, although a city within the civil township has a high school.*—Under the provisions of §6843 Burns 1926, the trustee of a school township having taxable property assessed at more than $1,250,000 is required to establish a joint elementary and high school when petitioned for by one-third of the school voters of the township, there being no high school therein, notwithstanding a city in the same civil township has a high school, as the incorporation of the city segregated it from the township for school purposes.   p. 129.

From Tippecanoe Superior Court; *Fred M. Prass,* Judge.

Suit by John W. Seifers to enjoin Frank S. Moore, trustee of Wabash school township in Tippecanoe county, and said township from issuing bonds for the purpose of establishing a school in said township. From a judgment for the defendants, the plaintiff appeals. *Affirmed.* By the court in banc.

*Stuart, Simms & Stuart,* for appellant.

*Roy C. Street* and *Randolph &. Randolph,* for appellees.

THOMPSON, J.—This is an appeal from an action by appellant to enjoin appellees from issuing and selling bonds of the appellee Wabash school township, in Tippecanoe county, Indiana, in the sum of $85,000, for the purpose of erecting and establishing a joint high school and elementary school in said Wabash school township.

There was a request for a special finding of facts and the court's statement of its conclusions of law thereon. The facts, so far as they are necessary to an understanding of this case, are as follows: That the appellant, John W. Seifers, is and for the ten years last past has continuously been a *bona fide* citizen and resident freeholder and taxpayer of Wabash school township, in Tippecanoe county, Indiana, and during all of said time has held a fee simple title to certain real estate located in said Wabash school township, all of which is subject to taxation for school purposes, and will be subject to the taxes which will be levied thereon by reason of the establishment of said proposed joint high school and elementary school; that said Wabash school township is located wholly within the boundary lines of Wabash civil township, and that the appellee Frank S. Moore is the duly elected and acting trustee of said Wabash civil township and said Wabash school

township; that said Wabash school township has an assessed valuation of $4,963,110 of taxable property; that there is no high school or joint high school and elementary school in any town or city of Wabash school township; that there is a duly commissioned high school in the city of West Lafayette, which city is located in Wabash civil township, Tippecanoe county, Indiana, but that no part of said city is located in said Wabash school township, and that said school is maintained and operated by the city of West Lafayette; that there is a high school in the town of Montmorenci, in Shelby township, which town and school is within less than three miles of the boundary line of said Wabash school township in Tippecanoe county; that the appellant Frank S. Moore, as trustee of said Wabash school township, was legally petitioned by more than one-third of the parents, guardians, heads of families and persons living in such school township having charge of children who were enumerated for school purposes in said school township, requesting the establishment and maintenance of said joint high school and elementary school; that said petition was duly acted upon, and a location for the proposed school was fixed; that said trustee thereupon determined to issue and sell bonds of Wabash school township in the sum of $85,000, and gave notice to that effect; that more than ten taxpayers in Wabash school township filed with the county auditor their objections to the establishment of said school and the issuance and sale of said bonds; that the petition and objections were duly certified to the State Board of Tax Commissioners, and a hearing was set and notice given; that, upon the day of the hearing, a number of the original petitioners filed their petition and request with said State Board of Tax Commissioners requesting the withdrawal of their names from said original petition, which number was sufficient, had their

petition been granted, to have reduced the signers upon said original petition to less than the required number; that said petition and request to withdraw names was overruled by the State Board of Tax Commissioners.

The court's conclusions of law upon the foregoing facts were favorable to appellees and the injunction sought by appellant was denied. Judgment was rendered accordingly, and appellant excepted.

The errors assigned are: That the court erred in its conclusions of law on the special facts found.

Counsel on each side have discussed and cited authorities on the question of the state tax board's ruling on a petition asking that the names of certain petitioners be withdrawn from the original petition presented to the trustee, which if sustained, would have reduced the number below the one-third required. This court will only review and pass upon the rulings of the *nisi prius* court, and as the matter herein complained of was a ruling of the state tax board, we cannot pass upon it.

We think that §6843 Burns 1926, §6584b Burns' Supp. 1921 governs this case, and one of the provisos of said section reads as follows: "That in each township having an assessed valuation of more than $1,-250,000 of taxable property, whenever one-third or more of parents, guardians, heads of families and persons living in such township having charge of children who were enumerated for school purposes in said township at the last preceding enumeration, petition the trustee of said township to establish and maintain a high school, or joint high school and elementary school, said trustee shall establish and maintain in such township a high school, or joint high school and elementary school as petitioned for and employ competent teachers therefor, notwithstanding there may be an established high school within three miles of a boundary line of such

township and regardless of the number of graduates of the elementary schools of such township."

The court, under the special findings, found all of the essentials in the above statute to exist, namely: (a) The amount of taxable property in the township; (b) that there is not now a high school in Wabash school township or in any town within said school township; (c) a petition with one-third or more of the signatures of parents thereto, as required.

Appellant contends that the above section of the statute does not govern, for the reason that the city of West Lafayette is located in Wabash *civil* township. We hold it does govern, for the reason that when the city was incorporated, it was segregated from Wabash township so far as the schools were concerned, and they became separate and distinct school corporations.

The court did not err in its conclusions of law.

Judgment affirmed.