## PUTMAN *v.* MURDEN ET AL.

[No. 14,525. Filed March 14, 1933. Rehearing denied
June 9, 1933. Transfer denied July 26, 1933.]

*Merle N. A. Walker,* for appellant.

*James M. Ogden,* Attorney General, *Connor D. Ross,* Assistant Attorney General, and *Pickens, Davidson, Gause, Gilliom & Pickens,* for appellees.

DUDINE, J.—The Indiana State Highway Commission gave notice to road contractors that on the sixteenth day of June, 1931, it would receive bids for the construction of State Road No. 9 from Huntington to Columbia City. The notice stated, "Bids will be received for three types of pavement—Puddled Macadam Surface, Bituminous Retread Surface, Bituminous Coated Aggregate Surface."

On the morning of that date, Robert E. O'Conner

filed suit in the Marion circuit court against the director and members of the state highway commission, seeking to enjoin them from receiving bids and from entering into contract for the construction of said state highway or any other state highway on the theory that the commission had failed to give notice that bids would be received for the construction of three "distinct types of highway" as is required by section 8284, Burns 1926.

The commission, however, received bids for the construction of said state highway on the date fixed in said notice, and on the twenty-fifth day of June, 1931, entered into contract with appellant Putman for the construction thereof, all on said notice.

On June 30, 1931, said Robert E. O'Conner filed a supplemental complaint on the same theory, joining appellant, Putman as a co-defendant. This supplemental complaint alleged that since the filing of the original complaint, the state highway commission had entered into said contract, and it prayed that the director of the state highway commission be enjoined from issuing any orders to appellant, Putman, for the payment of money out of the funds of the state highway commission for work done under said contract.

Defendants below filed separate answers in general denial to the complaints. The cause was submitted to the court for trial without the intervention of a jury. The court found for the plaintiff and enjoined the director and members of the state highway commission from issuing any orders for the payment of money out of the funds of said commission for work done under said contract, and further enjoined them from awarding any contracts for the construction of state highways or parts thereof, without first giving notice as required by law, and further enjoined them from awarding any contracts for the construction of state highways where

the notice to bidders only states that bids will be received upon the bituminous type of highway.

Appellant, Putman, filed a motion to modify the judgment by striking out of the decree all orders which rendered said contract ineffective, which motion was overruled.

Appellant also filed a motion for new trial which was overruled.

The errors relied upon in this appeal are: (1) that the court erred in overruling said motion to modify the judgment; (2) that the court erred in overruling appellant's motion for new trial.

Appellant contends that since the contract was with the state of Indiana, and since the state of Indiana was not made a party, the court did not have jurisdiction over the parties to the contract.

The complaint clearly disclosed that it was a complaint against the director and members of the Indiana State Highway Commission as such director and members. Law required every contract for state highway work, which the highway commission was authorized to enter into, to be made in the name of the state of Indiana. Sec. 8287, Burns R. S. 1926.

If it was necessary that the state of Indiana be made a party, the defect of parties was clearly apparent on the face of the complaint. This question could have been determined by a demurrer to the complaint. Appellant having failed to file a demurrer to the complaint, and having failed to present the question in an answer to the complaint, the question is deemed to have been waived by him, Sec. 366, Burns 1926, §115, Baldwin's Ind. Ann. Stat. 1934, and appellant cannot present the question, for the first time, on appeal. *Thomas* v. *Wood* (1878), 61 Ind. 132; *Faylor* v. *Fehler* (1913), 181 Ind. 441, 104 N. E. 22.

Appellant contends the court should have sustained

his motion to modify the judgment because in this case the court, among other things, decreed that the ■ defendant Indiana State Highway Commission, its director and members be enjoined, "from awarding or signing or executing any contracts for the construction of any state highway or part thereof where the notice to bidders only states that bids will be received upon the bituminous type of highway," and within a few days thereafter, *in another cause,* the same court and judge, ordered the Indiana state highway commission to pay estimates, then due, on a similar contract, let on a similar notice. Appellant contends the later decree of the court "in itself constituted a modification of the general injunction provided for in this action and was an entire reversal of the decision of the court rendered in this case. . . ."

We do not agree with appellant on this proposition. If it be assumed that the lower court did decide a case one way, and later, in an entirely different case, which, however, involved the same legal propositions, decided another way, the decision in the later case would not affect the decision in the former case. We consider this so fundamental, that a citation of authorities is unnecessary.

Fairness to the trial court urges however that we say in this opinion that no record was presented to this court showing that the other case referred to by appellant was similar to the instant case.

Appellant set forth, in his motion to modify the judgment, as a ground therefor, the following language: "The findings of the court, as set forth ■ in its written opinion, a copy of which is made a part of this motion, . . . expressly shows that the preponderance of the testimony was in favor of the defendant." The instrument referred to by appellant as "written opinion" purports to be a memo-

randum of the trial court in which the trial court discussed the evidence in the case and the law applicable thereto, and indicated how it was going to decide the case. The purported memorandum seems to have been prepared by the trial court to assist counsel in drafting the entry which would show the court's finding and judgment. The concluding sentence of the purported memorandum was a follows, "Counsel will please prepare an entry accordingly."

The finding of the court as shown by the record in this appeal did not include the contents of said purported memorandum or any part thereof. The incorporation of it in said motion did not, and could not make it the finding of the court. Hence appellant's contention, which was based on the assumption that the purported memorandum was the court's finding, must fail.

Said purported memorandum contained the following language, "Different opinions were expressed by experts as to whether the specifications, as published, constituted three distinct types of pavement, with the predominance in the affirmative." Appellant contends this was (quoting from his brief) "a distinct decision of the court that the preponderance of the evidence was with the defendant . . .;" hence the judgment should have been modified as prayed for.

The word "predominance," in the statement of the court, referred to, has reference to the word opinions in the same statement. The quoted statement means that the *predominance of opinions* expressed as to whether the specifications, as published, constituted three distinct types of pavement, was in the affirmative. The statement *does not mean* that the predominance or preponderance *of the evidence* was with the defendant. The court was bound to follow the preponderance of the

evidence, but it was not bound to follow the preponderance of opinions expressed by the experts.

Appellant further contends that there was no proof that plaintiff would be "injured" by the payment of vouchers on his (appellant's) contract by the state highway commission. In the cause of *Meyer* v. *Town of Boonville* (1903), 162 Ind. 165, 70 N. E. 146, 149, the court said in effect that resident taxpayers of a municipality may maintain an action against the municipality, to enjoin an illegal act upon a mere allegation that they were resident taxpayers of such municipal corporation, when it was apparent that their interest and the injury complained of were not different in kind from that of the public in general within such corporate limits, but were the same. See *Spurrier* v. *Vater* (1915), 62 Ind. App. 669, 113 N. E. 732.

If it is unnecessary to allege any peculiar injury in such complaints, it follows that it is unnecessary to prove any peculiar injury to the plaintiff in such causes.

Appellant refers to the gasoline tax as an excise tax and contends that "one paying an excise tax has no right to control the disbursement of it." Appellant cites several authorities under this point but the authorities cited by him do not sustain this contention.

The authorities which hold that a taxpayer of a municipality may maintain an action against the municipality without alleging special injury, do not exclude payers of excise taxes, but in each instance recognize the right in "taxpayers." We see no reason why such a distinction should be made. A payer of an excise tax has just as much interest in the disbursement of the fund created by such excise tax, as the payer of a property tax has in the disbursement of the fund created by such property tax.

Photographs of other highways were admitted as evidence over objection. They were protographs of brick surfaced highways, concrete highways, ■ and bituminous highways. Appellant contends the court erred in admitting these photographs as evidence because they did not "pretend" to illustrate "the three distinct types of pavements upon which the state highway commission had decided bids."

We deem it unnecessary to. discuss this contention, because in this opinion we hold in effect that the state highway commission had not received bids on "three distinct types of highways." In *Haven* v. *Snyder* (1931), 93 Ind. App. 54, 176 N. E. 149, 151, the court says: "It has been held repeatedly that the admission or rejection of photographs in evidence is a preliminary question and lies largely within the discretion of the trial court, and its discretion will not be disturbed unless an abuse of such discretion is shown." There has been no showing in this case that the lower court abused its discretion in admitting the photographs; on the contrary we hold that these photographs were relevant to the issues involved. They showed that there is a marked distinction between brick, cement and bituminous highways. They did not tend to mislead the court, but tended to aid the court in determining what the legislature meant by "three distinct types of highways;" therefore they were clearly admissible. 17 Cyc. 414, Sec. 11; 22 C. J. 913, Sec. 1115; 10 R. C. L. 1153, Sec. 356.

Appellant agrees that the state highway commission was. required to advertise for bids on three "distinct types of highways" in highway "construction" ■ projects, but he contends the commission was not so bound in highway "improvement" projects, and he contends the project in question was an "improvement" project.

The record discloses that the work contemplated the tearing up of a *gravel and stone road,* changing the location thereof in some places, changing the grade, widening, and paving with either puddled macadam surface, bituminous retread surface or bituminous coated aggregate surface.

In the case of *Battenbrock* v. *Miller* (1916), 185 Ind. 600, 112 N. E. 771, the Supreme Court of this state held that the resurfacing of a highway with a different material was a "reconstruction" of the highway. See Elliott's Roads and Streets, Sec. 577.

The work contemplated in this case was more than a resurfacing of the highway with a different kind of material. There was ample evidence to support the finding of the lower court, which it necessarily made, that this was a construction project.

The lower court held in effect that the notice to bidders in this instance did not call for bids for the construction of "three distinct types of highways," as was required by law. The evidence disclosed that the essential difference between the three types of highways named in the notice, is in the details of mixing the ingredients and laying the pavement. Each of these types contained the same ingredients; each was a bituminous highway. The difference between these types of highways was not noticeable after completion.

It is apparent that the intention of the legislature in prescribing that the commission receive bids for three distinct types of highways, was to secure competitive bidding. We are bound to consider the intention of the legislature in construing the statute. There is nothing in the statute which shows that the legislature intended to give the phrase "three distinct types of highways" any other meaning than its ordinary meaning, and therefore we must give it its

ordinary meaning. See *Smith et al.* v. *State ex rel.* (1930), 202 Ind. 185, 172 N. E. 911.

As we have intimated, the notice did call for three types of highway; therefore, the only word in the phrase which we must construe is the word "distinct."

The word "distinct" has many synonyms and definitions, some of which might be used to maintain either side of this controversy. To construe the word "distinct" favorably to appellant in this case would very materially defeat the purpose of the legislature, which was to secure competitive bidding. Construing it favorably to appellee merely carries out the purpose of the legislature. Therefore we hold with the lower court that the notice did not call for bids for the construction of three distinct types of highways, as was required by law.

No reversible error having been shown the judgment of the lower court is affirmed.