STATE EX REL. SCHOOL CITY OF SOUTH BEND *v.*
THOMPSON, AUDITOR ET AL.

[No. 26,702. Filed February 24, 1937.]

*Jones, Obenchain & Butler,* for appellant.

*J. Clifford Potts, Vernon R. Helman, Philip Lutz, Jr.,* Attorney-General, and *Alvin C. Johnson,* Assistant Attorney-General, for appellees.

*Walter R. Arnold, amicus curiae.*

ROLL, J.—This is an action commenced by the State of Indiana on relation of the School City of South Bend, Indiana, against Glenn M. Thompson as auditor and others, for the purpose of compelling the auditor, in the computation of relator's taxes for the year 1935 payable in 1936 to use the rates certified by relator to the auditor. This action arose because the auditor persisted, after demand, in recognizing as valid and effectual certain action of the County Board of Tax Adjustment and the State Board of Tax Commissioners purporting to make certain changes in the special school and tuition rates as certified by relator.

The complaint herein is in two paragraphs to which appellees filed four paragraphs of answer. Appellant filed a reply in general denial and a second paragraph of reply to the fourth paragraph of answer. There was a request for special finding of facts and conclusions of

law; a motion for *venire de novo*, a motion for additional findings of fact, and a motion for a new trial. The result was a judgment that appellants take nothing by their complaint and that appellees recover their costs.

The facts found by the court and material to a decision of the questions properly presented for our consideration are, in substance, as follows: That the board of trustees of the School City of South Bend, after formulating a budget, showing in detail the money proposed to be expended by it during its fiscal year commencing August 1st, 1935, and ending July 31st, 1936, caused notice of a hearing on such budget to be published and posted according to law, and fixing in said notice September 9, 1935, at 3:30 p. m. as the time for such public hearing; a copy of the budget and notice is set out in full. That at the time and place mentioned in the notice, a public hearing was held on said proposed budget, and after the hearing the board of trustees confirmed and adopted said budget and established the rates for taxation set forth therein for the year 1935, payable in 1936; that said board thereupon, on September 11th, 1935, filed in the office of the Auditor of St. Joseph County, Indiana, its certification of levies for the year 1935 payable in 1936. The rates as shown by said certificate are as follows:

```
Special School Fund...............$0.24 on each $100.00
A poll tax, on each male inhabitant, etc.........$1.00
Tuition Fund ...................................................$0.465
Bond Fund ......................................................$0.30
Public Library: General Fund.......................$0.065
                                                                          _____
Total of all Levies and Rates.......................$1.07
     and on each poll.............................................$1.00
```

Two copies of the budget were filed in the auditor's office; that on or before September 15th, 1935, levies and supporting budgets by all taxing units upon prop-

erty within the city of South Bend and in Portage Township subject to taxation for the year 1935, were certified to said auditor; that the total rate so certified was $2.69, for each $100.00 of assessed valuation; that the defendant members of the County Tax Adjustment Board at its meeting on the 16th day of September, 1935, considered all of the rates certified by the several taxing units, and by its order of September 27 effected numerous reductions in the certified rates of fifteen units, and in all instances except five, reflected the reductions in the several items of the published budget of the respective taxing units; that in five taxing units, four of which were school corporations, said board in reducing rates did not reflect such reductions in the items of the budget; that the relator was one of such units. The order, so far as material here after finding and declaring that an emergency existed for the levying of a tax rate in excess of limits placed by what is known as the dollar and the dollar and one-half law, reads as follows:

### SOUTH BEND SCHOOL CITY

|  | Special School Fund | Changed by Bd. |
|---|---|---|
| Amount to be raised by tax levy | $350,271.68 | $288,771.68 |
| Rate on property | .24 | .19¼ |

### TUITION FUND

|  |  |  |
|---|---|---|
| Amount to be raised by tax levy | $600,527.50 | $539,027.50 |
| Rate on property | .46½ | .41¾ |

In other words the County Board of Tax Adjustment reduced the general fund from $350,271.68 to $288,-771.68 and changed the rate for general fund purposes from .24 to .19¼ and reduced the tuition fund from $600,527.50 to $539,027.50 and reduced the rate

for tuition fund purposes from .46½ to .41¾. It appears that the County Adjustment Board made certain changes in the civil city rates, and on appeal by ten taxpayers the same was certified to the State Board of Tax Commissioners and after notice to the taxpayers and the officers of the civil city, there was a hearing by said board on October 18, 1935, and at this hearing the only rates considered were the rates of the civil city; that on October 30, 1935, said State Board of Tax Commissioners entered an order effecting reductions in the rates of the civil city and reflecting all of such reductions in the corresponding items of the budget of said civil city, and at the same time issued an order which purported to effect relator's special fund levy. This part of the order reads as follows:

"The Board further finds that the County Tax Adjustment Board reduced the special school fund levy from .24¢ to .1925¢ and this Board now reapportions .02¢ of the reduction made in the Civil City by adding .02¢ to the special school fund levy and fixes the same at .2125¢ on each one hundred dollars ($100.00), and that the said increase be added to the school building item for new buildings in its budget and that all other levies, as finally approved by the County Tax Adjustment Board, are hereby approved and that the total levy for all purposes for the City of South Bend in Portage Township is $2.47 on each one hundred dollars ($100.00)."

The levy and rates as certified by the State Board of Tax Commissioners to the auditor were the rates used and spread upon the tax roll, and tax duplicates pertaining to property within the corporate limits of the city of South Bend. Relator, by its proper officers, filed a written notice and demand upon said auditor to spread upon the tax duplicates the rates originally certified to him by relator and the defendant auditor delivered to this relator his written refusal to comply with said de-

mand. The refusal of the auditor to comply with this demand of relator is the occasion of this law suit.

Appellant asserts that the relator's budget and levies were regularly formulated and adopted, and that the action of the County Board of Tax Adjustment with respect to relator was void, because said board did not reflect the changes made in the levy in the corresponding items of the budget. The school city budget is made up of four separate funds or items, viz., special fund, tuition fund, bond fund and the library fund. The record shows that the special fund is made up of some twenty different items, and the tuition fund of two items, and these were the only funds changed by the county adjustment board. Was the action of the county adjustment board valid? If so, appellants are not entitled to a writ of mandate.

Appellees do not contend that the levies and rates as certified by appellants were not in all respects regular, and we may assume they are the legal and valid rates, and should be recognized and adopted by the auditor of St. Joseph County in the preparation of his tax roll and tax duplicate as requested by relators, unless they have been modified by subsequent valid and legal action of the Board of County Tax Adjustment. Whether the action taken by said county adjustment board with reference to the change made in the special and tuition funds of relator city was valid and binding is the decisive question presented by this appeal.

In 1933 the state legislature passed what is known as the tax limitation law. Acts 1933, ch. 237, p. 1085, sections 64-301 to 64-305 Burns' Ind. St. 1933, §§15892 to 15896 Baldwin's 1934. Section 64-301 (15892), *supra*, limits the rate of taxation for state purposes to fifteen cents on each one hundred dollars assessed valuation. Section 64-303 Burns (§15894 Baldwin's) in substance provides that the total of all tax levies on property

within any municipal corporation for all municipal corporations for which the property therein is taxable, except as provided in section four (§64-304 Burns, §15895 Baldwin's) of this act shall not exceed the following rate: In territory outside of the corporate limits of any incorporated city and town, the total rate shall not exceed one dollar ($1.00) on each one hundred dollars ($100.00) of taxable property therein. In territory inside of the corporate limits of incorporated cities and towns, the total tax rate for all purposes shall not exceed one dollar and fifty cents ($1.50) on each one hundred dollars ($100.00) of taxable property therein. Section 64-304 Burns, §15895 Baldwin's, *supra* (paragraph one) provides as follows:

"There shall be created in each county of the State of Indiana a county board of tax adjustment, which shall consist of one (1) member of the county council to be selected by such council, and six (6) members to be appointed by the judge of the circuit court of such county. The appointees of the judge of the circuit court shall have the following qualifications: One (1) shall be a duly elected, qualified and acting township trustee of one of the several townships of such county; one (1) shall be a duly elected, qualified and acting mayor of a city in such county or a president of the board of trustees of an incorporated town in such county; one (1) shall be a duly elected or appointed, qualified and acting member of the board of school commissioners, board of school trustees or board of education of a school city or school town in such county; and three (3) shall be resident freeholders of the county at large, not holding public office by virtue of any election held or appointment made within said county, none of whom shall be related to the executive head of any municipal corporation of which such board shall have jurisdiction by closer relationship than second cousin, either by affinity or consanguinity."

Paragraph two of the above section provides, when the members of the county adjustment board shall be ap-

pointed, the duration of their term; that they shall serve without compensation and that the auditor shall serve as clerk of said board and keep a complete record of the proceedings, but he shall have no vote. Paragraph three and four are immaterial to the question here presented. Paragraph five provides as follows:

"Such board of tax adjustment shall hold a meeting at the office of the county auditor on the third Monday of September of each year and from day to day thereafter as their business may require, and said board may adjourn said meetings to any other convenient place. At the first meeting the county auditor shall lay before said board the budgets adopted and tax levies fixed by the proper officers or bodies of each municipal corporation of such county for the ensuing year, and such board shall have the right to require the attendance, or the furnishing of such information pertaining to said budgets and levies, by the officials of the various municipal corporations in the county as said board may deem necessary. The officers of each municipal corporation shall, at the time of filing a statement of the tax levies fixed by each of said municipal corporations, also file with the county auditor two (2) copies of the budgets on which said tax levies are based, and the same shall be carefully preserved by the auditor for the use of the county tax adjustment board. It shall be the duty of such board to examine and, if it deems such action necessary, revise, change or reduce, but not increase, any tax levy and any corresponding items of the budgets on which such tax levies are based and apportion the total of all of said levies so that the total levy on property within any municipal corporation for all municipal corporations for which the property therein is taxable, including the state levy referred to in section one (§64-301) shall not exceed the applicable total rate as provided in section three (§64-303) hereof; Provided, however, That if an emergency exists as to any municipal corporation, such board, by a vote of at least five (5) members thereof, shall have the power to fix such tax levy for such municipal corporation as is necessary to meet such emergency though the total rate fixed as the result thereof shall exceed the applicable total

rate as provided in section three (§64-303) of this act; Provided, further, If an emergency exists and shall be so declared by the county board of tax adjustment, such board shall set out of record their reasons for declaring such emergency, and shall state of record the nature of the emergency for which any such increased levy is made."

Finding No. 3 of the special finding of the court is in part as follows:

"That on or before the 15th day of September, 1935, levies and supporting budgets were certified to said auditor by all taxing units levying taxes upon property within the City of South Bend and in Portage Township subject to taxation for the year 1935; that the total of the rates so certified was Two Dollars and Sixty-nine Cents ($2.69) for each $100 of assessed valuation; that such units and the rates certified are the following, to wit:

| *Unit* | *Rate* |
|---|---|
| State | $0.15 |
| St. Joseph County: | |
| County Unit road bonds | .10 |
| Other county purposes | .315 |
| Portage Township: | |
| General rate | .01 |
| Poor relief | .20 |
| Road bonds | .035 |
| Judgment bonds | .01 |
| Civil City of South Bend: | |
| General | .634 |
| Bonds | .02 |
| Park department | .088 |
| Policemen and Firemen's Pension | .018 |
| Aviation board | .01 |
| Hospitals | .03 |
| School City of South Bend: | |
| Tuition fund | .465 |
| Special school fund | .24 |
| Bonds | .30 |
| Library | .065 |
| Total | 2.69 |

It is thus made to appear that the total rate as certified to the county auditor and presented to the county adjustment board was in excess of the total rate permitted by §64-303 Burns (§15894 Baldwin's), *supra*. By the terms of section 64-303, *supra*, the total rate outside the corporate limits could not exceed one dollar, and within the corporate limits the rate could not exceed one dollar and fifty cents, unless there existed an emergency for a higher rate as defined in paragraph five of §64-304, *supra*. Under the terms of paragraph five, §64-304, it became the duty of the county adjustment board under such circumstances to examine, revise or reduce, but not increase, any tax levy, and any corresponding items of the budgets, and apportion the total of all of said levies so that the total levy, including the state levy, would not exceed one dollar outside the corporate limits of the city and so that the total levy inside the corporate limits would not exceed one dollar and fifty cents, if this could be done. If the total levy that was certified to them could be so changed, and reduced to or below the limit fixed in §64-303, *supra*, it was their duty so to do. But, if, after examining said budgets, and considering the fixed charges, such as maturing bonds and interest thereon and judgments, such as are mentioned in paragraph six of said section, and the needs for governmental purposes of the several taxing units, they find that the requirements of the taxing units are such that necessitates a greater rate than those allowed by §64-303, *supra*, and they find that an emergency exists and by a vote of at least five members thereof so declare, then it becomes their duty to adjust and fix such tax levy for such municipal corporation as is necessary to meet such emergency, though the total rate fixed as the result thereof shall exceed the applicable total rate as provided in section three (§64-303 Burns, §15894 Baldwin's) of this act. The record shows

that the total rate as certified did exceed the one dollar and fifty cent rate and the county adjustment board did conclude that the total rate could not be so adjusted and reduced to or below the limit fixed by section three of the above mentioned act (§64-303) but found the fact to be that the needs of the several governmental units necessitated a higher rate than one dollar and fifty cents, and that an emergency existed for a higher rate, and so declared by their record as set out in finding No. 3. After finding that an emergency did exist for a rate in excess of one dollar and fifty cents and so declaring the same of record, it then became their duty to examine the various budgets and the several items thereof and adjust, and reduce the same, and determine the amount of the levy and rate, that under all the existing facts was necessary to meet such emergency.

In this case, the county board of tax adjustment did these things, and as far as their action affected the budget certified by the School City of South Bend, the adjustment board reduced the levy and rate on two items only, viz, the general fund and the tuition fund, but did not specify what particular item of the general fund was reduced, whether the reduction should be made in the item of "general administration," or some particular sub-item thereof, or in the item designated "instruction," or any particular sub-item thereof, or, in the item designated "operation of school plant," or some particular sub-item thereof, etc., but left that matter to the discretion of the school board. Appellant says that it was the duty of the tax adjustment board, when they made changes in the levy, as certified by them, to designate the particular item or sub-item to be changed, and because the county board of tax adjustment failed to so designate the particular item or sub-items to be affected their action was null and void. This is the only complaint urged against the validity of the action of.

the county board. We think the board of tax adjustment went as far as the statute, §64-303, *supra*, contemplated. They considered the total rate, and reduced it from $1.07 to .975 and reflected the reduction in two items, making up the total rate, to wit, the general fund and the tuition fund. It must have been recognized by the legislature that the board of school trustees could better determine what particular item listed under the general heading of, "special fund," could be curtailed and changed than could the board of tax adjustment. In construing §64-303 and §64-304, *supra*, we have tried to keep in mind the well recognized principles of statutory construction. It was held in the case of *Murray* v. *Zook* (1933), 205 Ind. 669, 187 N. E. 890, that the county board of tax adjustment was created for the protection of the taxpayers. In construing a statute, the first rule is to determine and to give effect to the legislative intent. *Smith* v. *State ex rel. Ross* (1930), 202 Ind. 185, 172 N. E. 911; *Gilson* v. *Board of Commissioners of Rush Co.* (1891), 128 Ind. 65, 27 N. E. 235.

We conclude that the action of the board of tax adjustment was not null and void because it did not reflect the reduction of the total rate of appellant school city in the various particular items composing the special fund and the tuition fund, but was sufficient when it reflected the reduction of the total rate in the items, special school fund and the tuition fund.

This brings us to a discussion as to whether the act creating the tax adjustment board is constitutional. Appellant takes the position that because the act (§64-304 Burns, §15895 Baldwin's) provides that six members of the county board of tax adjustment shall be appointed by the judge of the circuit court, said section offends §1 of Article 3 of our State

Constitution, which relates to the separation of powers. The constitutionality of such statutes has been before this court on several different occasions and has been held not to offend against this provision of our Constitution. *City of Terre Haute et al. v. Evansville, etc., R. R. Co.* (1897), 149 Ind. 174-181-182, 46 N. E. 77; *Wilkinson v. Board, etc.* (1902), 158 Ind. 1, 62 N. E. 481.

Appellant contends that the tax limitation law contravenes §26 of Art. 1, of the Indiana Constitution, which provides that, "The operation of the laws shall never be suspended, except by the authority of the General Assembly," and argues that under the sanction of this statute the tax adjustment board might strike from the county budget all items for the maintenance of the courts; and from relator's budget all teachers' salaries. We do not think the statute (§64-303) confers on the county board of tax adjustment any such power or authority. The county board of tax adjustment is not a tax levying board. It has no power to levy taxes. Its powers are clearly set forth in the above section. It has power only to adjust, lower, and apportion the levy made by the proper officials, "and apportion the total of all of said levies so that the total levy on property within any municipal corporation for all municipal corporations for which the property therein is taxable, including the state levy, . . . shall not exceed the applicable total rate as provided in section three (§64-303) hereof." If there is an emergency that necessitates a rate in excess of the limitation set out in §3, *supra,* then the board shall adjust, reduce, and apportion the total of all rates to meet the emergency. There certainly is no power contained in the above section that approaches those contended by appellant.

Appellant says that Chapter 150, Acts 1935, p. 532 (§15735 Baldwin's Supp. 1935), repeals the tax limita-

tion statute. We can see no reason for so holding. The only change effected by this amending statute relates to an additional expenditure of money to meet an emergency arising after the published budget has been adopted, and has no reference at all to the emergency that might have necessitated a rate in excess of the rate fixed under §64-303 Burns 1933 (§15894 Baldwin's 1934), and was declared by the county board of tax adjustment as provided in §64-304 (§15895), *supra*. It is in no way a delegation to the board the legislative power of taxation. They have no power to levy taxes and the statute does not attempt to confer such power upon them. We think there is no constitutional objection to the statute on the ground that it delegates to an administrative board legislative power.

We find no reason for holding that the action taken by the county board of tax adjustment of St. Joseph county, in so far as it affected relator's budget, was invalid and void. It therefore follows that appellant is not entitled to a mandate to compel appellee auditor, in the computation of relator's taxes for the year 1935, payable in 1936, to use the rates certified by relator to said auditor. As stated above, appellant would not be entitled to the relief demanded unless it be determined that relator's budget had not been changed or modified by subsequent valid action. Having reached the conclusion that the acts of the county board of tax adjustment of St. Joseph County was valid and that the changes made by said board were legal, it is not necessary to determine whether the subsequent action of the State Board of Tax Commissioners was valid or otherwise, for even though it be determined invalid, such a result would not entitle appellant to the relief prayed.

Judgment affirmed.